JOHN HART, Administrator, etc., Appellant, *v.* THE HUDSON
RIVER BRIDGE COMPANY, at Albany, Respondent.

While, in an action for negligence, it is necessary for the plaintiff to show
affirmatively that the negligence of the defendant was the sole cause of
the injury complained of, it is not necessary that this be done by posi-
tive and direct evidence, proof of circumstances from which the infer-
ence may fairly be drawn is sufficient.

Where from the circumstances shown inferences are to be drawn which
are not certain and uncontrovertible, and as to which persons might
differ, it is for the jury to decide.

(Argued January 19, 1880; decided February 3, 1880.)

THIS was an action to recover damages for alleged negli-
gence, causing the death of plaintiff's intestate, who fell
from the defendant's bridge into the Hudson river. The
court nonsuited the plaintiff on trial. *Held* (FOLGER and
EARL, JJ., dissenting), that there were facts and circum-
stances proper to be submitted to the jury.

The court say:

"It was incumbent upon the plaintiff to show affirmatively
that the negligence of the defendant was the sole cause of
the death of the deceased. But it needs not that this be
done by the positive and direct evidence of the negligence
of the defendant, and of the freedom from negligence of the
deceased. The proofs may be indirect, and the evidence
had by showing circumstances from which the inference is
fairly to be drawn, that these principal and essential facts
existed. When from the circumstances shown, inferences

are to be drawn which are not certain and incontrovertible, and may be differently made by different minds, it is for the jury to make them; that is to say, when the process is to be had at a trial of ascertaining whether one fact had being, from the existence of another fact, it is for the jury to go through with that process. (*Justice* v. *Lang*, 52 N. Y., 323.)

"Now it would be prejudicial to the defendant upon another trial for us to particularize the facts shown on this trial, from which inferences could be made that the intestate came to her death from falling into the water through the draw-opening of the defendant's bridge, that she thus fell without negligence on her part, and through negligence on the part of the defendant; and for us to set forth what legal probabilities those facts are capable of establishing. It is not necessary to warrant us in adjudging that there was error in granting the nonsuit, for us to be convinced that the legal probabilities are so strong as that the plaintiff is entitled to a verdict. What we have to arrive at is this, that there were facts in this case which were not so weak as to give no support, in some fair and sound minds, to such legal probabilities, so weak as that the law will not tolerate that a verdict should be founded upon them. We are not to be able to say that the facts and the inferences to be had from them are enough to convince our own minds that the intestate died, there, without negligence on her part and by the negligence of the defendant. What we are to be able to say is this, that the case is not so clear against the plaintiff as that there is no room for doubt; that there are facts and circumstances which are proper to be submitted to the consideration of the triers of fact.

"After considering the testimony with care, a majority of this court is of the opinion that the evidence did in some measure so far tend towards the care averred by the plaintiff as to require a consideration of it by the triers of fact; so that they should determine whether on their consciences and their oaths, in their sound and impartial judgment, inferences might be fairly drawn from it that the facts existed that should exist to warrant a verdict for the plaintiff."

*E. Countryman* for appellant.

*Samuel Hand* for respondent.

*Per Curiam* opinion for reversal and new trial.

All concur, except FOLGER and EARL, JJ., dissenting. Judgment reversed.