## SUPREME COURT.

BRIDGET JONES, administratrix, &c., agt. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

*Negligence — Contributory negligence — Evidence — In action for negligence, plaintiff must show affirmatively that the negligence of defendant was the sole cause of the injury — What evidence necessary — Legitimate and proper inferences to be drawn from the evidence is for the jury.*

Although in an action for negligence it is necessary for the plaintiff to show affirmatively that the negligence of the defendant was the sole cause of the injury complained of, it is not necessary that this be done by positive and direct evidence, proof of circumstances from which the inferences may fairly be drawn is sufficient.

Not only is the truth of evidence for a jury, but the legitimate and proper inferences to be drawn therefrom are also for them.

Where the answer conceded that the fall occurred whilst the deceased was in the discharge of his duty as a brakeman, and the legitimate inference from the proof was that he fell by reason of the round giving way :

*Held,* that the two — the admission and the proof — together establish that the deceased, in the discharge of his duty, and for the purpose of such discharge of duty, took hold of the round which, owing to an old break, easily discoverable by the defendant if an inspection had been made, and not seen by the deceased on account of the darkness of night and the necessary haste of its use, gave way, causing him to fall and be crushed by the train.

*Held,* also, that these facts establish both the negligence of the master and the freedom from negligence of the servant, and throws upon the master the entire responsibility of the accident.

*Special Term, December,* 1881.

MOTION for a new trial on a case.

*Parker & Countryman,* for plaintiff.

*Samuel Hand,* for defendant.

WESTBROOK, *J.* — It was conceded upon the trial of this action that William Jones, the husband of the plaintiff, was

on the 7th day of February, 1879, a brakeman in the employ of the defendant, "and that," as the answer expressly admits and avers, "while engaged in the discharge of his duties as such brakeman the said William Jones fell to the ground under a train of cars which was running from East Albany to West Albany and was killed."

The cause was tried at the Albany circuit in January, 1881, and resulted in a verdict for the plaintiff of $4,500.

The particulars and the cause of the death as averred in the complaint were that while the deceased was so engaged in the discharge of his duties as a brakeman upon a train of freight cars which the defendant on the day above mentioned was moving between the points, also above stated "he took hold of or stepped on one of the iron steps or bars attached to one of said freight cars for the purpose of being used as a ladder in climbing on and off said car, which said iron step or bar had become and then was defective and unsafe by reason of long use and strains, and was then cracked and partially broken, which said defects were unknown to the said William Jones, and said bar or step, in consequence of such defects, gave way letting the said Jones fall to the ground under said train of cars, part of which passed over and crushed him and instantly killing the said William Jones."

The proof given upon the trial was sufficient to justify the jury in finding that the cause of the accident was a defective bar or step as charged in the complaint. A light snow had fallen before the accident. At a point on the track, where the trampled appearance of the snow indicated that some one had fallen to the ground, was found the iron round of a ladder of a freight car which was bent, and the appearance of its ends showed an old break almost severing it from its connections with the car, whilst the part newly broken was distinctly visible, and evidently the part of the iron unsevered by the old blow which had bent the round and broken it almost off at both ends was not sufficient to withstand the strain of a man's weight if thrown upon it. Near the same point also

were found the stick and other articles of the deceased, and from it to the spot where the body of the deceased was found were marks upon the snow showing its dragging. The appearance of such dragging began, as just stated, at the place where the snow was trampled and the round found, and ended at the point where the body lay.

The cause was sent to the jury with the following charge: " To recover in an action of this character, and therefore to entitle the plaintiff to recover in this action, it must be affirmatively shown that the negligence of the defendant caused the accident and that the deceased was free from contributory negligence. In stating to you this general rule of law I wish to be understood that you are to find the negligence of the defendant and the absence of negligence on the part of the deceased in the proof. You are not to guess it; you are not to surmise it, but you are to find it in the proof. Not that necessarily there must have been a person present who saw the accident and who can detail all the particulars to you, but in the absence of direct evidence there must be circumstances from which you can legitimately and properly infer the negligence of the defendant and the absence of contributory negligence on the part of the deceased."

It will be observed that the charge distinctly recognizes the rule of law now understood to be well settled that upon the plaintiff devolves the duty of showing affirmatively that the deceased was free from contributory negligence, and that such fact must have been found by the jury. The application for a new trial is upon the ground that there was no evidence from which the inference of the absence of contributory negligence could be legitimately drawn, because, as was argued for the defendant, conceding the manner of death to be as plaintiff claimed, there was an entire absence of proof to show how or in what manner the deceased was using the ladder when it gave way.

There certainly is great plausibility and force in the point, and I was at one time strongly inclined to hold that there

should be a new trial granted. Subsequent examination and reflection, however, satisfy me that a second verdict in favor of the plaintiff should not be disturbed for the following reasons:

*First.* Not only is the truth of evidence for a jury, but the legitimate and proper inferences to be drawn therefrom are also for them.

Of the extent to which this rule has recently been carried in this state, the case of *Hart* agt. *The Hudson River Bridge Company* (80 *N. Y.*, 622) affords a good illustration. The action was tried before myself, and with the facts I am perfectly familiar. The plaintiff was nonsuited because, as I supposed, there was an entire absence of proof to show how the deceased fell, if she fell at all, through the opened draw of the defendant's bridge, and consequently the freedom of the deceased from contributory negligence was entirely unproved. The appellate tribunal must therefore have reached the conclusion that the only facts which were shown, to wit, the starting of deceased from East Albany to return to Albany in time to have reached the opened draw; the splashing as of something falling in the river; the wetting of the pier above the surface of the water, and the spot where the body was found, were sufficient to take it to the jury, and if sufficient for that purpose, then, of course, they were also ample to sustain a verdict for the plaintiff if one had been so found.

The present case certainly presents more facts for the consideration of a jury than that of *Hart* did, and as two juries have concurred in finding for the plaintiff on this very question, this, the second verdict, should not be disturbed.

*Second.* If the case stood upon the proof only, and the *Hart case* did not control my action, the point made by the defendant would to me be unanswerable. The only inference which can be drawn from the evidence alone, as it seems to me, is that whilst the deceased was using the ladder for some purpose it gave way, and by means thereof he fell and was killed. Under what circumstances and for what purpose he

used it were unproved, and hence it would be impossible to say from the testimony only whether the use by the deceased of the defective round which caused it to give way was proper or improper, and therefore a conclusion as to how the accident occurred would be a mere guess, and no logical deduction from established facts. What the evidence fails to show, however, the answer admits. That concedes the fall occurred whilst the deceased was in the discharge of his duty as a brakeman, and as the legitimate inference from the proof is that he fell by reason of the round giving way, the two — the admission and the proof — together establish that the deceased, in the discharge of his duty, and for the purpose of such discharge of duty, took hold of the round which, owing to an old break, easily discoverable by the defendant if an inspection had been made, and not seen by the deceased on account of the darkness of night and the necessary haste of its use, gave way, causing him to fall and be crushed by the train. Do not these facts necessarily exclude any theory of carelessness upon the part of the deceased ? In other words, if a master sends a servant in the night time up a ladder, which the master by the use of ordinary care would have known was deficient in one of its rounds, and the servant in obeying the order of the master to ascend takes hold of the defective round, which gives way and causes him to fall, do not these facts establish both the negligence of the master and the freedom from negligence of the servant ?

Precisely the circumstances which the questions involve, the evidence and the answer in this case establish. The accident occurred in the night time, about eight o'clock, in the month of February. The movements of brakemen on a freight train must be rapid. They continually, in the discharge of their duties, have occasion to go up and down the ladders placed upon each car for that purpose. The deceased fell, the defendant concedes, whilst in the discharge of duty, and he therefore must, as the proof makes clear, have been using the ladder for the purpose of its discharge. Whether he ought,

Douglass agt. Haberstro.

in the darkness and haste, to have observed that the round was insufficient to sustain him was clearly for the jury. They have found that he was not negligent in not discovering its condition, and this motion therefore presents the bald case of a defective round of a ladder, of which defect the master should have known and the servant not, giving way whilst the servant is using it in the discharge of duty. This excludes the theory of negligence on the part of the servant, establishes as to him its absence, and throws upon the master the entire responsibility of the accident.

For the reasons stated the motion for a new trial must be denied, with costs.