Barnard, P. J.
The testimony is very brief, and as the complaint was dismissed, every fact must be deemed proved, which was testified to by the plaintiff.. He was. *849 then a passenger in defendant’s cars. When he got to the point where he was to leave the car, he stood up, turned around in his seat so as to signal the conductor to stop.
He faded to attract the notice of the conductor, and the car went by the place where he wanted to get off, and when he was carried to the middle of the block beyond, he got on the step and waited for the car to stop.
The car was one of those which had a step along each side; was an open car, with seats across.
The conductor gave no signal to stop, but stood with his Read down, looking across the street. When the plaintiff was carried considerably past his station, and'while the car was in motion, he stepped off. The right foot was caught in some projection in the step, which did not show itself until the plaintiff attempted to get off.
Before that his foot was firm on the step, and the obstruc • tion was in the hollow of his foot, and when the plaintiff attempted to lift his foot, the obstruction caught in the front part of the heel of the boot, and then, with the foot fast, he was thrown down and injured.
The plaintiff was an active man “ of more than ordinary ability,” and was in the habit of using cars and leaving them while they were in motion. There was proof tending to show that cars like the one in question had a bolt fastening two pieces of the step.
The head of the bolt up on the upper side, and the nut which fastened it was below. These bolts, after a car was much used, projected further above the step than when new, and the nut was drawn tighter to bring it down again.
There was no proof that any such state of facts existed at the time of the accident, but rather the contrary.
A witness called by plaintiff examined the car the next •day and found no fault.
When an accident is occasioned in such a manner and from such a cause as to show that something was wrong with the car, proof of the accident and the means and cause ■of it is sufficient to put the carrier upon his proof.
If the car had been in order, no projection sufficient to •catch and hold the passenger fast would exist.
If the jury credit the testimony, they may find neglect from the accident itself and its surroundings. Hart v. Hudson River Bridge Co., 80 N. Y., 622.
The non-suit was, therefore, improper, and a new trial ■should be granted, with costs to abide event.
Pratt and Dykman, JJ., concur.