JOHN A. FOLEY, RESPONDEN-, *v.* THE CITY OF TROY, APPELLANT.

*Liability of a city for injuries occasioned by a fall on an icy sidewalk — what evidence is insufficient to prove constructive notice to the city.*

Upon the trial of this action, brought to recover damages occasioned to the plaintiff by his slipping on some ice upon a sidewalk in Troy, on the evening of January 28, 1881, evidence was given showing that at the time he slipped and fell there was hard ice on the sidewalk, and that the plaintiff was seriously injured. No direct evidence was given that the ice had been on the sidewalk for any time prior to the accident, but the plaintiff sought to prove that the ice had been for some time on the sidewalk by showing that the temperature of the weather was below the freezing point from the seventeenth of January to the day of the accident, and that snow fell on January twenty-second and not again until after the twenty eighth.

*Held*, that the evidence was insufficient to show constructive notice to the city, and that the court erred in submitting that question to the jury.

APPEAL by the defendant from a judgment entered in Rensselaer county, upon the verdict of a jury in favor of the plaintiff, for $800 damages, together with $177.88 costs, and docketed in Rensselaer county on the 15th day of November, 1886, and also from an order denying the defendant's motion to set aside such verdict, and for a new trial made upon the minutes of the judge before whom the action was tried.

*R. A. Parmenter*, for the appellant.

*Henry A. King*, for the respondent.

LEARNED, P. J.:

This action was commenced in June, 1881, and was tried in November, 1886. It was brought to recover damages occasioned to plaintiff by his slipping on some ice upon a sidewalk in Troy, on the evening of January 28, 1881. There is proof that at the time he slipped and fell there was hard ice on the sidewalk; and that plaintiff was seriously injured by his fall.

No direct evidence was given that the ice had been on the sidewalk for any time prior to the accident. The plaintiff claimed to show that the ice had been for some time on the sidewalk by evidence of the condition of the weather for a week previous. He showed that, for that time, the temperature of the weather was below the freezing point; that the seventeenth of January was the last time that the temperature rose above the freezing point, prior to the accident. And the plaintiff argued from that fact that ice could not have formed from natural causes on the sidewalk for at least a week previous to the time of the accident

We think that such evidence was insufficient to justify the jury in holding the city to have been negligent. All the facts shown are consistent with the theory that some person threw water on the sidewalk that evening and that it then froze. The mere fact that there was snow on the twenty-second of January, and none after that and up to the twenty-eighth, does not establish, nor is it sufficient proof, that the ice on the sidewalk the twenty-eighth was caused by the snow of the twenty-second. Of course, in actions of this kind the plaintiff must show negligence on the part of defendant, and this requires proof either of actual knowledge or of what may be called constructive knowledge, arising from length of time. No actual knowledge is shown. Therefore, proof must be given that the ice had been there so long as to justify the finding of constructive knowledge. Now the plaintiff's evidence that no ice or snow had fallen after the twenty-second is just as much proof that this ice was not caused by rain or snow at all as it is that it was caused by the snow of that day. That is, the evidence is equally consistent with each hypothesis. If nothing but snow or rain could

cause ice, then the evidence would be effectual. But the ice might be formed from water accidentally or intentionally spilled.

It is very evident that the decisions of our highest court, in this class of cases, are imposing upon cities in the northern part of the State a burden in regard to the snow and ice of the winter which is very oppressive. To require a city to clean off the snow and ice from all its many miles of sidewalks, or to be liable to any one who may slip thereon, is to place upon it a duty needing large expenditures and numerous officials. It is perhaps a questionable construction, which has evolved this duty from the mere obligation of keeping sidewalks in repair.

Under these decisions, however, all that we can do is to see that the proof shall be sufficient in each case to meet the rules established, until, at least, our highest court shall begin to "distinguish" and to let the pendulum swing the other way. In the present case we think the evidence insufficient to show constructive notice. The jury could not reasonably, in this case, ascertain "whether one fact had being from another fact" and, therefore, should not have been allowed "to go through with that process." (*Hart* v. *H. R. B. Co.*, 80 N. Y., 622.)

Judgment and order reversed and new trial granted, costs to abide the event

BOCKES and LANDON, JJ.. concurred.

Judgment and order reversed, new trial granted. costs to abide event.