PHILIP CARPENTER, Appellant, *against* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Respondent.

(Decided April 2d, 1888.)

In an action for the loss of money alleged to have been caused by theft from plaintiff's berth while he was asleep in defendant's sleeping car, the evidence did not show that the car had a conductor or any other person than a porter in charge of it, nor did the evidence show where the porter was stationed; but it appeared that he blackened boots during the night, and that the blacking utensils were kept in the porter's closet, remote from the aisle. It did not appear where the blackening was done. Plaintiff testified that neither at night nor in the morning did he see other than the porter in charge of the car. *Held*, sufficient to establish a *prima facie* case; and that the question of defendant's negligence in not properly watching the car during the night should have been submitted to the jury.

APPEAL from a judgment of the General Term of the City Court of New York, affirming a judgment of that court entered on a dismissal of the complaint at a trial.

The action was brought to recover the sum of $40 lost in defendant's sleeping car. At the trial it appeared that plaintiff, a passenger in the sleeping car, when he retired for the night in his berth, placed his vest, in the inner pocket of which was a pocket-book containing the $40, under the pillow of his berth farthest from the aisle, being the pillow on which his head rested. When he awakened in the morning, his vest had been moved, and the money taken from his pocket-book. Plaintiff alleged that defendant was liable for negligence in not having the car properly watched and guarded. The evidence of the alleged negligence is stated in the opinion. The court held the evidence insufficient to warrant submitting the case to the jury, and directed a judgment for defendant dismissing the complaint. From the judgment plaintiff appealed to the General Term of the City Court, by which the judgment was affirmed; and from that decision plaintiff appealed to this court.

*Jabish Holmes, Jr.*, for appellant. — Defendant is liable for the property of a passenger lost, while the latter is asleep, and without negligence on his part. The case is exactly like that of an ordinary steamboat, where the company agrees to carry plaintiff, and, at the same time, for an extra compensation, sells the plaintiff the right to use a particular stateroom (*Mudgett* v. *Bay State Steamboat Co.*, 1 Daly 151; *Gore* v. *Norwich &c. Transp. Co.*, 2 Daly 254; *Macklin* v. *N. J. Steamboat Co.*, 7 Abb. Pr. N. S. 229; *Crozier* v. *Boston &c. Steamboat Co.*, 43 How. Pr. 466).

In England a railroad company is held to assume the relation of a carrier to a passenger's valise, placed under the seat in the passenger's own apartment, and is liable for its loss (*Richards* v. *London &c. R. Co.*, 7 C. B. 839; *Butcher* v. *London &c. R. Co.*, 16 C. B. 13; *Le Conteur* v. *Same*, L. R. 1 Q. B. 54). So the proprietor of a stage-coach is held responsible for the loss of a valise which the passenger had taken in the coach with him (*Miles* v. *Cottle*, 6 Bing. 743; *Robinson* v. *Dunmore*, 2 Bosanq. & P. 419; see also *Broack* v. *Pickwick*, 4 Bing. 218; *Hollister* v. *Nowlen*, 19 Wend. 234).

But if defendant's liability is only that of a sleeping-car company, it was bound to exercise reasonable and ordinary care to protect plaintiff's property (*Lewis* v. *N. Y. Sleeping Car Co.*, 143 Mass. 267; *Pullman Pal. Car Co.* v. *Gardner*, 3 Pennypacker 78, and 16 Am. & Eng. R. Cas. 324; *Bevis* v. *Baltimore &c.*, 1 R. & Corp. L. J. 104; *Woodruff* v. *Diehl*, 84 Ind. 474; 43 Am. Rep. 102; *Same* v. *Same* (in Supr. Ct.), 10 Cent. L. J. 66; *Blum* v. *South. Pull. Pal. Car Co.*, 1 Flip. 500, and 3 Cent. L. J. 591; *Palmeter* v. *Wagner*, 11 Alb. L. J. 149; 3 Wood Railw. §§ 1446–1448; Thomps. Carr. p. 531).

Plaintiff is only bound to establish his case by a preponderance of evidence, and it is not necessary that the facts proved exclude every other hypothesis but negligence (*Seybold* v. *N. Y., L. E. & W. R. Co.*, 95 N. Y. 562). The fact that the property is lost or injured is sufficient of itself to rebut the presumption that the person in charge does his duty, and makes it necessary for a bailee for hire to offer some evidence that it used ordinary care (*Arent* v. *Squite*, 1 Daly 347; *Russell Man. Co.* v. *N. Y. Steamboat Co.*, 50 N. Y. 121; *Collins* v. *Bennett*, 49 N. Y. 490; *Sherwin* v. *McKie*, 5 Rob. 404, aff'd 51 N. Y. 180; *Canfield* v. *Baltimore &c.*, 93 N. Y. 532; *Burnett* v. *N. Y. Cent. R. Co.*, 45 N. Y. 184).

*Henry W. Taft*, for respondent. — A sleeping-car company is not an innkeeper nor a common carrier, and is only bound to use reasonable diligence in protecting the property of its patrons (Rorer Railr. 987; Thomps. Carr. p. 530; Hutch. Carr. § 60 note 2; *Bevis* v. *Baltimore &c. R. Co.*, R'y & Corp. L. J. Jan. 29, 1887, p. 104; *Blum* v. *Southern Pull. Pal. Car Co.*, 1 Flip. 500; *Lewis* v. *N. Y. Sleeping Car Co.*, 143 Mass. 273; *Pullman Pal. Car Co.* v. *Gardner*, 3 Pennypacker 78; *Tracy* v. *Pullman Pal. Car Co.*, 67 How. Pr. 154; *Woodruff* v. *Diehl*, 84 Ind. 474; *Palmeter* v. *Wagner*, 11 Alb. L. J. 149; see 13 Alb. L. J. 221; *Pardee* v. *Taylor*, R'y & Corp. L. J. Jan.–June, 1887; *Welch* v. *Pullman Pal. Car Co.*, 16 Abb. Pr. N. S. 352).

Proof of the plaintiff's loss, unaccompanied by other proof,

is not any evidence of negligence (*Pardee* v. *Taylor*, R'y & Corp. L. J. Jan.–June, 1887; *Bevis* v. *Baltimore &c. R. Co.* (above); *Tracy* v. *Pullman Pal. Car Co.* (above)).

Where the plaintiff's evidence is equally as consistent with the absence of as with the existence of negligence, no submission to the jury is authorized (*Baulec* v. *N. Y. & H. R. Co.*, 59 N. Y. 356; *Hayes* v. *42d St. R. Co.*, 97 N. Y. 259).

VAN HOESEN, J. — To the correctness of most of the propositions of law contained in the opinions of the learned justices at the Trial and General Terms of the City Court no exception can be taken, and yet I think that the evidence of the plaintiff was sufficient to carry the case to the jury. It is not at all improbable that a jury would have taken the same view of the facts that was taken by the judges in their opinions, but nevertheless a *prima facie* case was made out by the plaintiff.

The evidence does not show that the sleeping car had a conductor, or any other person than a porter in charge of it. What the duties of the porter were, we do not know, for there is no evidence upon that subject. Where the porter was stationed in the car, whether in a place where he could observe during the night what took place in the aisle that ran between the berths, or whether in the cupboard, where he could see nothing, the evidence does not disclose. That the porter blackened boots in the course of the journey to Boston, is reasonably certain, and it is not likely that he did that work in proximity to the sleepers, whom the noise of that operation might have disturbed. Even if he sat where he might have seen the aisle, it is a question whether he could efficiently watch it if his attention were diverted to the polishing of the leather. There is no evidence (though the City Court assumed that there was) that the porter was charged with the duty of keeping watch of the sleeping passengers, and consequently there is no room for the presumption that he did his duty in that respect.

It was the duty of the defendant to keep watch of the

sleeping passengers, and there is no evidence that the porter performed, or was expected to perform, that task.

"The rule is undoubtedly that the plaintiff must overcome the presumption that the defendant has complied with all the obligations that rest equally upon all men. He must prove facts from which it can be ascertained with reasonable certainty what particular precaution the defendant ought to have taken, but did not take; and he must also prove facts from which it may fairly be inferred that the defendant's negligence caused the injury complained of. But the plaintiff is not bound to prove more than enough to raise a fair presumption of negligence, and of resulting injury to himself. Having done this, he is entitled to recover, unless the defendant rebuts this presumption. If the facts proved make it probable that the defendant violated his duty, it is for the jury to say whether he did so or not. To hold otherwise would be to deny the value of circumstantial evidence" (Shearman & R. Negl. §§ 12, 13).

In *Hart* v. *Hudson River Bridge Co.* (80 N. Y. 622) the court said: "Where from circumstances shown inferences are to be drawn that are not certain and incontrovertible, and may be differently made by different minds, it is for the jury to make them; that is to say, the process of ascertaining whether one fact occurred because another fact existed, is for the jury. What we have to arrive at is this, that the facts in this case were not so weak as to give no support in some fair and sound minds to legal probabilities. The facts may be so weak that the law will not tolerate that a verdict should be founded upon them. It is not necessary that the legal probabilities should be so strong that the plaintiff would be entitled to a verdict."

"The question," said Mr. Justice MAULE, "is not, whether there is literally no evidence, but whether there is none that ought reasonably to satisfy the jury that the fact sought to be proved is established." Or, as Lord CAIRNS said in *Metropolitan Railway* v. *Jackson* (24 Eng. R. 124): "The judge has a certain duty to discharge, and the jurors

have another and a different duty. The judge is to say whether any facts have been established from which negligence may be reasonably inferred; the jurors have to say whether from those facts, when submitted to them, negligence ought to be inferred. It would be a serious inroad on the province of a jury, if, in a case where there are facts from which negligence may reasonably be inferred, the judge were to withdraw the case from the jury upon the ground that, in his opinion, negligence ought not to be inferred."

The defendant starts with the presumption that it did its duty towards the plaintiff. That duty was to keep watch of him while he slept. If watch were not constantly maintained, the jury could find that the defendant was negligent, and if it should find that the robbery occurred whilst the watchman was absent, and that it would not have happened if he had been attending to his duty, the defendant's liability would be established (*Pullman Car Co.* v. *Gardner*, 29 Alb. L. J. p. 8). Of course, the law is not so absurd as to require of a sleeping man proof of the very moment at which he was robbed; and it permits a jury to infer that the robbery must have taken place when the watchman was off guard, or inattentive, if there be any evidence from which reasonable men can draw the conclusion that the watchman probably was absent from his post, or, if present, had his mind on other work than watching the car.

I have said that the plaintiff proved that neither at night nor in the morning did he see any other person than the porter in charge of the car. From this the jury were at liberty to infer that the porter was the only man in the defendant's employ charged with the duty of watching the passengers as they slept. Now, what evidence was there to warrant the inference that he did not do his duty? We have the fact that he was engaged in blackening boots. Where did he blacken them, in the aisle of the car, or in the room called the porter's closet? That, it seems to me, was a question of probabilities to be answered by the jury.

It is not probable that he did that work in the aisle, where the noise would be offensive to sleepless or nervous passengers. There is certainly no presumption that because a man ought to have watched the aisle he remained there while doing work that could not conveniently be performed there. Again, he must, in all probability, have gone to the place in which the blacking and the brushes were kept, to get those articles. How long was he absent whilst preparing his tools? Was it for the plaintiff to prove? Or was it not for the defendant to show that his absence was momentary?

Again, if he were engaged in blackening boots, could he give such attention to watching the aisle as the importance of that duty required? As matter of law, I am unable to say that he could. That is a matter for the jury, and not for any judge to decide.

It seems to me that a jury might well say that if the defendant had only one servant on the car, it could not, without negligence, allow that servant to engage in the business of blackening boots when its duty was to see that the sleeping passengers were watched. If the jury should be of opinion that the porter could with safety to the travelling public who sleep in these cars combine the two professions of boot-cleaning and watching, their verdict would be for the defendant. But it is for the jury, and not for the court, to determine the question. If negligence could reasonably be inferred from the evidence — as I think it could be — it was error to withdraw the case from the jury.

The admissions of the porter, made on the morning following the robbery, were properly excluded.

J. F. DALY, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.