By the Court.—Gildersleeve, J.
This action was brought to recover damages for a personal injury to the plaintiff, caused by the alleged negligence of the defendants. The defendants are domestic corporations, having no interests in common, engaged in operating street railroads as common carriers of passengers for hire, through certain avenues and streets in the city of New York. On the 7th day of November, 1888, at about ten o’clock in the forenoon, the plaintiff was riding down town on the front platform of a Second avenue car, belonging to and operated by the defendant, The Second Avenue Railroad Company. He had got on to the rear platform of the car, but, as he had some *538 paint brashes and pails with him, being a painter by trade, he -was ordered by the conductor to go on to the front platform and ride there, which he did. The defendant, The Houston, West Street & Pavonia Ferry Railroad Company, has a single track railroad in East 36th street, which crosses the Second Avenue Railroad Company’s tracks, and is used by the former for eastward bound cars only. The crossing of Second avenue at 36th street is approached from the west, upon a down grade of two feet four and one-fifth inches in one hundred feet. As the Second avenue car, upon which the plaintiff was riding, as aforesaid, neared the crossing at 36th 'street, one of the cars of the defendant, The Houston, W. S. & P. F. R. R. Co. was also approaching said crossing, going east on the down grade and at about twice its usual speed, to-wit, “ about twelve miles an hour,” as testified by Donohue, the driver of said car. Further evidence of said driver on this point is as follows : “ I tried to put on the brake, and found there was something the matter, I did not know what was up. I knew there was something not in good order.”
It appears from other evidence in the ease that the failure of the brake to work was due to a broken brake rod, a part of the gear to which is applied the general term of “ brake,” and necessary to its effective operation. It further appears from the evidence that an examination of the broken rod disclosed a flaw in the iron, which was the cause of its breaking.
Donohue’s ‘‘car being unmanageable, and the Second avenue car approaching the crossing at ordinary speed, Donohue shouted to the driver of the Second avenue car, who whipped up his horses, thinking to get over the crossing, without a collision with the 36th street car, but the 36th street car struck the rear of the Second avenue car, and the plaintiff was thrown to the ground and injured. He was taken to a hospital, where he remained under treatment for about five weeks, and, after leaving the hospital, he was under medical care *539 for some considerable time. There is evidence to justify the conclusion that he is permanently injured, in such a way as to cause "deformity, and practically incapacitated for labor. Before the accident, he was earning three dollars a day in wages for painting. The action was tried before a jury, and a verdict rendered in favor of the plaintiff and against both the defendants for the sum of $15,000. From the judgment entered on this verdict, and from the orders denying the motions of the respective defendants for a new trial, both defendants appeal.
The defendant, the Second Avenue Railroad Company, claims that the complaint should have been dismissed as to it, on the ground that the evidence fails to show that it was guilty of any negligence. The evidence is conflicting on the question of the negligence of the driver of the Second avenue car, but we think the evidence was amply sufficient to warrant the court in submitting the question to the jury. Three expert drivers, including Donohue, the driver of the 36th street car, testified that the driver of the Second avenue car might have averted the collision by stopping his horses and car. These experts all agree that either of the cars in question, at the points they were moving at the time under consideration, with the brakes in good order, could have stopped within the space of five or six feet. The plaintiff’s evidence places the Second avenue car at least thirty to fifty feet from the 36th street track, when the Second avenue driver saw, or should have seen, the 36 th street car approaching the crossing at unusual speed; it shows that when the Second avenue car was this distance away from the crossing, Donohue, the driver of the 36th street car, shouted to the Second avenue driver, who had his face turned toward the east, and was' not looking ahead. This evidence clearly indicated a neglect of duty on the part of the Second avenue driver. He was nearing a crossing, where, if a car was to be met with at all, it must come from the west, and yet he *540 was looking towards the east, heedless of possible peril that might be encountered at the crossing directly in front of him by the rapid advance, on the down grade, of a 36 th street car. The question this evidence presents is not “ did he,” the Second avenue driver, do the. best he could, when the peril was upon him ? ” but it is “ did he exercise that care and caution which the law imposed upon him to avert the peril ? ” It was the duty of this driver to be vigilant in observing the crossing immediately in front of him, and the possible approach' of a 36th street car, that collisions might be avoided. Mangan v. Brooklyn, etc., R. R. Co., 38 N. Y. 455, 456; Murphy v. Orr, 96 Ib. 14; Barrett v. Third Avenue R. R. Co., 45 Ib. 628.
Where from the circumstances shown, inferences are to be drawn which are not certain and uncontrovertible, and as to which persons might differ, it is for the jury to decide. See Hart v. Hudson River Bridge Co., 80 N. Y. 622; also see Flynn v. Central R. R. of New Jersey, 20 Civ. Pro. Rep. 179.
On the question of non-suit, all disputed facts are to be decided in favor of the plaintiff, and all presumptions and inferences, which he had a right to ask from the jury, are to be conceded to him. Ward v. Central Park, etc., R. R. Co., 1 J. & S. 395.
Applying this doctrine to the present case, it would clearly have been error, had the court below dismissed the complaint as against the defendant, the Second Avenue R. R. Co., for, if the testimony of the plaintiff were to be taken 'uncontradicted, the evidence unquestionably shows negligence on the part of the Second Avenue Railroad Company’s driver.
The evidence raised an issue of fact as to the direction in which the driver of the Second avenue car was looking as he approached the crossing, and the distance he was therefrom when the unmanageable condition of the 36th street car should have been observed by him. What the driver of the Second avenue car did, and what *541 he failed to do, that he ought to have done, were questions of fact for the jury, to be determined upon all the evidence, which determination necessarily affected the verdict, and they were properly left to the jurju It was for the jury to say whether the Second avenue driver exercised the care required of him, under the circumstances. The instructions to the jury by the court below on the degree of care necessary on the part of the Second Avenue Company were favorable to that defendant. -The Second Avenue E. R. Company owed to the plaintiff, its passenger, the highest degree of care, and was liable for slight neglect. Maverick v. Eighth Avenue Railroad Company, 36 N. Y. 378, 381; Ganiard v. Rochester City, etc., R. R. Co., 50 Hun, 22, 25.
Is there sufficient evidence to Avarrant the court in submitting to the jury the question of negligence on the part of the defendant, the Houston, West Street and Pavonia Ferry Railroad Company ?
The evidence is uncontradicted that when the car of this defendant was moving eastward on 36th street, on the doAvn grade, at the time in question, and within about seventy feet of the Second avenue crossing, it became unmanageable, and rushed toward the crossing at a speed of about twelve miles per hour, twice the usual rate. No negligence can be imputed to the driver . of this car. He showed courage in standing to his post in the face of imminent danger. He shouted to the driver of the Second avenue car, tried to put on the brake, and apparently did everything in his poAver to avoid, the accident. Had the brake been in order, he . could have stopped the car, and prevented the collision.
But the unusual and unlawful rate of speed at which this car. was moving just before reaching a crossing; the failure of the brake to perform its functions; the fact that it was a large car, with tivo horses, and that there yvas no person in charge, except the driver; the fact that there was a rear brake that might Inwe been applied, if there had been a conductor on the car; are *542 all circumstances, which, together with the other evidence in the case, were for the consideration of the jury, on the question of the negligence of this defendant, and afforded good grounds for the refusal of the court to dismiss the complaint as to this defendant, the Houston, West Street and Pavonia Ferry Railroad Company. See Seybolt, as Adm. etc., v. The N. Y., L. E. & W. R. R. Co., 95 N. Y. 562; Palmer v. President, etc., of the Delaware & Hudson Canal Company, 120 Ib. 170; Breen v. N. Y. C., etc., R. R. Co., 109 lb. 297; Holbrook v. Utica & S. R. R. Co., 12 lb. 236, 242; Wooster v. Forty-second, etc., R. R. Co., 50 Ib. 203 ; 50 Hun, 22, 24.
The case of Palmer v. The President, etc. of the Delaware & Hudson Canal Company (supra), is very similar in some respects to this case. That was an action for damages for personal injuries, and on the trial it was shown that part of the machinery of the defendant’s car, to-wit, the bell-rope, which was attached to the engine and ran through the cars, struck the plaintiff in the eye and caused the injury. Plaintiff proved that the severance, through the occurrence of which the bell-rope was made to strike the plaintiff, was caused by the breaking of the spindle of the draw-bar on the forward end of the car next to the engine ; that this spindle was an iron rod an inch and five-eights in diameter, and at the point where it broke there was a flaw three-fourths of an inch in depth. Defendant proved that the spindle, when on the car, was not accessible to observation or inspection, and gave evidence tending to prove that for the purpose of an examination it was necessary to put the car in the shop and take out the draw-bar, which it was not customary to do frequently; that the spindle and draw-heads of the bar had been renewed two years before.; that they were made of the best wrought iron, and the vibration and strain was not such, when the car was in use, as to require frequent examinations ; that such a spindle has never been known *543 to break by use, and that the period of availability of a car for use is ordinarily twenty-five years. The court submitted to the jury the question whether defendant had failed to perform its duty in regard to inspecting the draw-bar so as to ascertain whether it was, or remained, in suitable condition for use, and the Court of Appeals held that it was not error. The Court of Appeals held further that “ whether the system of inspection and the manner of its execution are all that may be required of the carrier cannot be measured by any rule of law to be applied by the court, but ordinarily must be a question of fact, in view of the circumstances appearing by the evidence.”
Applying this doctrine to the case at bar, the court below was j ustified in submitting the question raised by the broken rod of the 86th street car to the jury. The broken rod was produced in court; witnesses were examined as to the quality of the iron of which it was made, the character of its construction, the degree of care exercised by the defendant, the Houston, West Street, etc., R. R. Co., in inspecting the rod and car from time to time ; and, under proper instructions from the court as to the duty of this defendant to the public in these matters, the question of this defendant’s hegligence, contributing to the accident, and being one of the proxirmite causes of damage to the plaintiff, was fairly submitted to the jury.
We think the evidence justified the conclusions of the jury on this question, and that no good reasons appear in this branch of the case for disturbing the verdict.
As to the contention, raised by one of the defendants, that if negligence was proved against the other defendant, the first defendant should have had the complaint dismissed as to it, we see no force in this argument ; for the comparative degrees in the culpability of the two defendants will not effect the liability of either. If both were negligent in a manner contribuí *544 ing to the result, they are liable jointly or severally. See Barrett v. The Third Avenue Railroad Company, 45 N. Y. 628.
The evidence fails to show any contributory negligence on the part of the plaintiff. The fact that he was standing on the front-platform was not negligence (see Nolan v. Brooklyn, etc., R. R. Co., 87 N. Y. 63), especially as he was directed to do so by the conductor of the Second avenue car.
We have carefully examined the questions raised by exceptions taken to the admission and exclusion of evidence in the progress of the trial, and find no error in any of the rulings that can be held to be prejudicial to •the defendants or either of them. It is strenuously urged by the defendant, the Houston, etc., R. R. Co., that it was error to allow the defendant, the Second Avenue R. R. Co., to contradict Donohue, the driver of the 36th street car, by showing statements made by him, previous to the trial, to Police Sergeant McDonough in regard to the condition of the brake, inconsistent with his direct evidence upon this point. Either defendant had a right to test the credibility of Donohue in any legal way. Donohue was a witness for the plaintiff, and he testified that he did not know that there was anything the matter with his brake until within about one hundred feet from where the collision occurred. The proper foundation for the interrogatories to Sergeant McDonough was laid by inquiries of Donohue, calling his attention to time and place, and he denied that he had made any such statements. This question was also put to Sergeant McDonough : “ Q. Did or did not the driver of the Avenue C car (36th street car), when he was before you, state that the driver of the Second avenue car was in no way in fault, was not to blame for the accident, and did what he could to avoid it ? ” An objection to this question was made by the defendant, the Houston, etc., R. R. Co., and in ruling upon the objection the court said : “ The objection of the Houston *545 Street Road is sustained, and the evidence is not to be considered as against that road.” The court permitted the witness to answer the question, and the defendant, the Houston, etc., R. R. Co., duly excepted. The court distinctly charged the jury that the testimony of the police sergeant as to what the witness, Donohue, said, could be considered by the jury only for the purpose of affecting the credibility of Donohue as a witness. As to the defendant, the Houston, etc., R. R. Co., this evidence is not admissible, and it cannot be said that the direction of the court to disregard it entirely cured the defect of its admission. But this testimony was brought into the case by one of the defendants, and against the opposition of the plaintiff, and should not be allowed to defeat the plaintiff’s claim against the defendant, the Houston, etc., R. R. Co., which is fully established by other and competent evidence. The error is not such an one, when considered together with the whole case, as to call for a reversal of the judgment, upon the ground that substantial justice requires it. See Code of Civil Procedure, § 1003 ; Carley v. N. Y. & O., 16 State Rep. 307.
The charge of the learned trial judge, when considered as a whole, is correct, and no error of substance was committed in the manner in which he submitted the case to the jury.
The injuries the plaintiff received were such that he never can stand erect, must carry a physical deformity through life, always suffer more or less pain, and continue physically incapacitated for labor. The damages are not, therefore, excessive.
For the reasons above stated, the judgment and orders appealed from are affirmed, with costs.
Freedman, J., concurred,