REILLY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.    March 24, 1899.)

STREET RAILWAYS—COLLISION—CONTRIBUTORY NEGLIGENCE.

Contributory negligence is a question for the jury, where the plaintiff, driving along a street, and coming first to the track on the avenue on which the up-bound street cars run, had to turn the heads of his horses slightly to avoid a collision with such a car, and then, getting on such track, saw a car half a block away coming down on the other track, and, the crossing being clear, proceeded at a fast walk, and was struck by such car after the horses and front wheels of his wagon had got over the second track.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Bernard Reilly against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
James Nixon, for respondent.

FREEDMAN, P. J. This is an action to recover for damages to a wagon of the plaintiff caused by the alleged negligence of the defendant. The driver of plaintiff's wagon was going west on 126th

street of this city. As he arrived at the crossing at 8th avenue, a car of the defendant was going north. The driver swung the heads of his horses slightly towards the left, to avoid this car; and after it had passed him, and when his horses were upon the easterly track, he saw a south-bound car approaching at least one-half a block distant. The crossing was clear, and he was driving upon a fast walk. The horses and forward part of the wagon had cleared the westerly track, when the car struck the hind wheel of the wagon, and carried it against a pillar of the elevated railroad structure and damaged it, for which this action is brought. These facts were testified to by the driver, and are practically undisputed. The only ground urged for a reversal of the judgment upon this appeal is that the plaintiff's driver was guilty of contributory negligence. The testimony was sufficient to raise a question of fact for the determination of the court, upon the question of the contributory negligence of the plaintiff's driver; it being the province of the trial judge to pass upon such question, in the absence of a jury. The accident occurred at a crossing, where the rights of the plaintiff to the use of the street for travel were equal to those of the defendant. The case comes well within the rule laid down in Hart v. Bridge Co., 80 N. Y. 622: "Where, from the circumstances shown, inferences are to be drawn which are not certain and uncontrovertible, and may be differently made by different minds, it is for the jury to make them." The court found, upon the questions presented for his determination, in favor of the plaintiff; and, it not being shown that injustice had been done, the judgment must be affirmed.

Judgment affirmed, with costs.

MacLEAN, J., concurs. LEVENTRITT, J., taking no part.