DOMINIC DANDINO, Appellant *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Argued January 14, 1937; decided January 26, 1937.

*John W. Miles* for appellant. It was the duty of the defendant to maintain this crossing in a safe condition for the ordinary use of the resident farmer. When defendant's employees blocked the crossing with the speeder, defendant breached this duty and committed an act of negligence which caused plaintiff's injuries. (Cons. Laws, ch. 49, § 52; *Wademan* v. *Albany & Susquehanna R. R. Co.*, 51 N. Y. 568; *Har-*

riman v. *New York, C. & St. L. R. R. Co.*, 253 N. Y. 398; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 594; *Masterson* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 247; *Hoffman* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 605; *Allen* v. *N. Y. C. R. R. Co.*, 228 App. Div. 382; *Smith* v. *N. Y. & O. M. R. R. Co.*, 63 N. Y. 58; *Prince* v. *N. Y. C. & H. R. R. R. Co.*, 60 Hun, 581; *Cotton* v. *New York, L. E. & W. R. Co.*, 65 Hun, 625; *Laible* v. *N. Y. C. & H. R. R. R. Co.*, 13 App. Div. 574; 162 N. Y. 621; *Wood* v. *N. Y. C. & H. R. R. R. Co.*, 83 App. Div. 604; 179 N. Y. 557.) The negligence of defendant's servants was the proximate cause of plaintiff's injuries and the accident was a probable consequence of such negligence. (*O' Neill* v. *City of Port Jervis*, 253 N. Y. 423; *Halstead* v. *Village of Warsaw*, 43 App. Div. 39; *Daly* v. *Horton Ice Cream Co.*, 166 App. Div. 28; *Tinker* v. *New York, O. & W. R. R. Co.*, 71 Hun, 431; *McGlone* v. *Angus, Inc.*, 248 N. Y. 197; *Condran* v. *Park & Tilford*, 213 N. Y. 341; *Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339; *Lilly* v. *N. Y. C. & H. R. R. R. Co.*, 107 N. Y. 566; *Ehret* v. *Village of Scarsdale*, 269 N. Y. 198.)

*Paul Folger* and *Harlan F. Calkins* for respondent. The evidence was insufficient to charge the defendant with negligence. (*Palsgraf* v. *Long Island R. Co.*, 248 N. Y. 339; *O' Neill* v. *City of Port Jervis*, 253 N. Y. 423; *Ruback* v. *McCleary, Wallin & Crouse*, 220 N. Y. 188; *Digelormo* v. *Weil*, 260 N. Y. 192; *Lake Erie R. R. Co.* v. *Juday*, 19 Ind. App. 436; *Scaggs* v. *President, etc., D. & H. Co.*, 145 N. Y. 201; *Vandewater* v. *N. Y. & N. E. R. R. Co.*, 135 N. Y. 583; *Hohman* v. *N. Y. C. & H. R. R. R. Co.*, 100 App. Div. 17; 184 N. Y. 591; *Burns* v. *D. & H. Co.*, 110 App. Div. 592.)

LOUGHRAN, J. In this action for personal injuries the plaintiff had a verdict. The Appellate Division reversed on the law and dismissed the complaint. The decisive issue was neatly stated by that court in this manner: ' Was the accident, not just exactly as it happened but,

as it might have happened, reasonably foreseeable by defendant's servants acting with due regard for the plaintiff's rights? " Unless we are prepared to say that all reasonable minds would give a negative answer on all the facts of the plaintiff's case, then there was evidence of the defendant's negligence proper to go to the jury and the dismissal of the complaint cannot be upheld.

Four tracks of the defendant's railroad traversed the plaintiff's farm east and west. Defendant maintained on the property a farm crossing for passing and repassing north and south over its right of way. (See Railroad Law [Cons. Laws, ch. 49], § 52.) For a distance of nineteen feet on the defendant's roadbed the crossing was surfaced with crushed stone and planking on a level with the tops of the rails. East and west of that nineteen-foot fill the drop from the top of the rails was six inches.

Plaintiff drove from the south side of his farm to the crossing on a so-called roller drawn by two horses. On the opposite brink of the railroad tracks was a motorized work car which a section gang of the defendant had left on the crossing roadway between the tracks and a gate in the fence on the north line of the defendant's right of way. This vehicle was seven feet long and five feet three inches wide. The roller on which the plaintiff was riding was an iron cylinder eight feet in horizontal length and two feet in diameter.

" When I got up to the crossing," plaintiff said to the jury, " there was this thing standing on the crossing in my way." The work car, he said, " was right in the center of the crossing." We accept the view of the Appellate Division that it was not required of the plaintiff as matter of law " that he should have tried to turn around with a team of horses and a farm roller in the middle of a four-track railroad for the purpose of retreating in the direction from which he came." Plaintiff drove to the right around the obstruction. As he did so, one end of the roller moved off the east edge of the crossing surface and " the roller

bounced against the rails." We tell the plaintiff's story in his own words: " When the roller hit the rails, then it scared my horses and they started going  *  *  *.  I got them through the gate all right, and I tried to stop them you know, and they hit a stone in the lot and that is the time they threw me off  *  *  *.  When the roller hit those rails on the right it bounded on the rails and scared my horses  *  *  *.  I started for the field.  I tried to stop them, but I couldn't stop them."  Neighbors of the plaintiff described his horses as gentle and well-behaved.

On these facts (which the jury must be taken to have found) it has been held that there was no evidence of negligence of the defendant.  The Appellate Division said: " That such an occurrence would cause a team of farm horses to become unduly frightened and unmanageable is not a thing defendant was bound to foresee and guard against."

We find ourselves unable to say that it was not open to any reasonable mind to come to a contrary conclusion on the whole case for the plaintiff.  His horses were harnessed to the roller by a gear of some sort.  That they were agitated to an unusual degree by the mishap on the crossing is not altogether improbable.  The cases of another day instruct us that restiveness in horses may be brought about under a wide variety of circumstances.  The question here is not whether the combination and sequence of incidents were in our judgment likely to induce steady horses to bolt.  The question here is whether the jury were perverse or fanciful in the view they took of the occurrence.  (*Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622.) Looking at the case in that way, we think it was properly handled at the trial.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., O'BRIEN, HUBBS and RIPPEY, JJ., concur; LEHMAN, J., dissents; FINCH, J., taking no part.

Judgment accordingly.