Smith *v.* Maine Boys Tunnel Co.

## SMITH *v.* MAINE BOYS TUNNEL CO.

PLAINTIFF and others owned and worked a mining claim from 1855 to 1858, when they formed themselves into a corporation with twenty-one shares of stock at one hundred dollars each; and from that time the claim was held as corporate property. The corporation levied assessments on the shares of stock—of which plaintiff owned one—and plaintiff failing to pay, sold his share at public auction. He now sues the corporation for an undivided one twenty-first of the mining claim: *Held*, that plaintiff has mistaken his remedy; that if the corporation had no power to forfeit his stock and hence it was improperly sold, he may maintain an action for its recovery, but not for a specific interest in the claim—not being in a position to question the title of the corporation, particularly as the property is a mining claim and could only be held by occupation and possession.

APPEAL from the Fifth District.

Plaintiff sues to recover an interest in a mining claim, alleging ownership since 1855, and an expenditure of $1,200 in working and carrying on the same; that defendants are in the exclusive possession, etc., and prays that the right to said interest be determined and he have restitution.

Smith *v.* Maine Boys Tunnel Co.

The answer denies that plaintiff was the owner of the interest set forth at the time of the commencement of the suit, or that he was or is entitled to the possession.   Denies that at the commencement of the suit defendants were in possession of the claim or interest, or have refused to allow plaintiff to take possession, etc.

It seems that the plaintiff and others, who were owners in the claim in the fall of 1858, formed themselves into a corporation under the Act of 1853.   The claim was divided into twenty-one shares, which was represented in the articles of incorporation at one hundred dollars each.   In the spring and summer of 1859, the corporation levied assessments upon different shares to defray the expenses of working the claim.   Plaintiff's assessment being unpaid, the share was sold at auction after advertisement in a paper, and H. B. Wade, a member of the company, became the purchaser.   After that time the company refused to recognize plaintiff as having any interest in the corporation.   Other facts appear in the opinion of the Court.   Defendants had judgment.   Plaintiff appeals.

*L. Quint,* for Appellant.

*H. P. Barber,* for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The plaintiff has mistaken his remedy.   If his stock has been improperly sold, he may maintain an action for its recovery, but he cannot sue the corporation for a specific interest in the corporate property.   It appears that he was one of the original corporators, and that the property in question has been held as corporate property from the time the corporation was formed.   Under these circumstances he should not, we think, be permitted to question the title of the corporation, particularly as the property is a mining claim and could only be held by occupation and possession.

This view is decisive of the case, and the judgment is affirmed.