# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

## JULY SESSION, 1881.

[No. 7,059.—Department One.]

## RUFUS B. NEAL *v.* JOSEPH W. NEAL.

58 287
117 665
58 287
127 500

EVIDENCE—CROSS-EXAMINATION—PARTY.— A witness may be asked on his cross-examination any question which tends to test his accuracy, veracity, or credibility, and the Court should be especially liberal where the witness is a party to the suit.

ID.—ID.—ID.—HANDWRITING, COMPARISON OF.—The defendant, having testified that his signature to the instrument in controversy was a forgery, was asked on cross-examination with reference to another document which purported to have been signed by him, and had been used in the case for comparison, whether his signature to that was genuine.

*Held,* that the question should have been allowed.

EXPERT.—The qualification of a witness to speak as an expert, if questioned, must first be determined.

APPEAL from a judgment for the defendant in the Fifth Judicial District, County of San Joaquin, BOOKER, J., and from an order denying a motion for a new trial in the Superior Court of the said County. BUCKLEY, J.

*J. H. & J. E. Budd,* for Appellant.

*Byers & Elliott,* for Respondent.

McKEE, J.:

On the trial of an issue of fact in this case, as to the genuineness of the signature of the defendant to an instrument in writing, through which the plaintiff claimed title to the land in dispute, the defendant, on his examination as a witness in his own behalf, had testified that his signature to the instrument was not genuine, and that the instrument itself was a forgery; and on his cross-examination a document which purported to have been signed by him, and had been used in the case for comparison, was handed to him by the counsel of plaintiff, who asked him the following question: " Look at this signature, ' Joseph W. Neal,' and state whether that is your genuine signature ?" To the question counsel for defendant objected on the ground that it was not legitimate cross-examination, and the objection was sustained. We think the ruling was erroneous. The question was, doubtless, asked for the purpose of testing the accuracy and judgment of the defendant, as a witness, as to his own signature, which constituted the subject-matter of his direct examination. It was, therefore, responsive to the examination in chief. A witness may be asked on his cross-examination any question which tends to test his accuracy, veracity, or credibility. "The power of cross-examination," says Greenleaf, "has been justly said to be one of the principal, as it certainly is one of the most efficacious tests which the law has devised for the discovery of truth. By means of it the situation of the witness with respect to the parties, and the subject of litigation, his interest, his motives, his inclination and prejudices, his means of obtaining a correct and certain knowledge of the facts to which he bears testimony, the manner in which he has used those means, his powers of discernment, memory, and description, are all fully investigated and ascertained, and submitted to the consideration of the jury, before whom he has testified, and who have thus had an opportunity of observing his demeanor, and of determining the just weight and value of his testimony." (Greenleaf on Evidence, § 446.)

Especially should Courts be liberal in cross-examination of a witness who is himself a party to the suit. It may be that

the answer of the witness to the question propounded would have satisfied the jury that the witness was mistaken when he testified that his signature to the instrument in controversy was not genuine. At all events plaintiff's counsel had the right on cross-examination to test the ability and judgment of the witness upon the subject of his own signature. And, even for the purpose of comparison by the defendant himself, the question was proper; for, under the code, any one who has a knowledge of the handwriting of a party and has seen him write, etc., may be an expert. (Code Civ. Proc. § 1943.) And § 1944 provides, that "evidence of handwriting may also be given by a comparison made by the witness or the jury, with writings admitted or treated as genuine, or proved to be genuine to the satisfaction of the Judge." Of course the qualification of a witness to speak as an expert, if questioned, must first be determined. (*Fairbank* v. *Hughson, infra,* 314.)

In any view the question was proper to be asked on cross-examination.

Judgment and order reversed and cause remanded for a new trial.

Ross, J., and McKINSTRY, J., concurred.