[No. 9627.   Department One. — March 28, 1887.]

## ANNIE LAWLOR, RESPONDENT, v. ELIZABETH LIN-FORTH ET AL., APPELLANTS.

PRACTICE — JURY — DISMISSAL OF JUROR AFTER COMPLETION OF PANEL — BIAS. — The action was brought by a landlord against his tenant to recover rent and the restitution of the leased premises, and was tried before a jury. After the jury was completed, and the trial ready to proceed, one of the jurors, who had been previously accepted as competent by each of the parties, upon learning the nature of the action, expressed himself as hostile to all landlords. He was thereupon challenged by the plaintiff for cause, and dismissed from the panel. *Held*, that the dismissal was proper.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*E. J. Linforth,* and *Edward Linforth,* for Appellants.

*Tyler & Tyler,* for Respondent.

FOOTE, C.—This was an action for treble rent for one month of certain premises, and for restitution thereof.

The plaintiff had judgment against one of the defendants as prayed for and for costs, but against the other defendant for restitution of the premises only.

From that and an order denying a new trial, the defendants have appealed.

Their first contention is, that the court erroneously dismissed from the panel a juror, who had been previ-

ously accepted as competent by all parties to the controversy, after the jury was complete, and the trial ready to proceed.

It appears from the record that the juror, after being accepted, inquired what kind of an action was pending in which he was to engage, was informed what its nature was, and then declared himself hostile to all landlords. He was challenged for cause, but the precise cause was not stated.

It is plain, however, that it was manifest to court and counsel that the juror was incompetent because of his declared bias against all landlords, one of whom was plaintiff in the action then about to be tried.

It was the duty of the court in the exercise of a sound legal discretion to dismiss the juror from the panel, and its action in so doing was not erroneous. (*Grady* v. *Early*, 18 Cal. 111.)

It is also alleged that the jury found contrary to the evidence; that there was no proof whatever which tended to show that either of the defendants had leased the premises, was the tenant of the plaintiff, or bound for the rent sued for. All those matters were submitted to the jury, and as the evidence was conflicting, we do not feel disposed to disturb their verdict, or the judgment rendered thereon. It and the order should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.