[No. 13933.   Department Two. — May 28, 1891.]

## MARY DAVIES, ADMINISTRATRIX, ETC., RESPONDENT, *v.* OCEANIC STEAMSHIP COMPANY, APPELLANT.

NEGLIGENCE — ACTION FOR DEATH — OPEN HATCHWAY ON VESSEL — CARELESSNESS IN LOADING — MASTER AND SERVANT — DUTY OF OWNER OF VESSEL — PLEADING. — A complaint by an administratrix in an action for damages for a death caused by negligence, which alleges, in substance, that the defendant negligently left unprotected an open hatchway on its vessel, through which the deceased, who was lawfully employed on the vessel, was precipitated and killed, owing to his being struck by a barrel of lime by and through the carelessness and negligence of the defendant, and its servants and employees, in and about the loading of the vessel, states a cause of action, and shows a breach of duty on the part of the owner of the vessel.

ID. — EVIDENCE — INTOXICATION OF EMPLOYEE — HARMLESS ERROR. — The testimony of a witness, to the effect that the employee who had charge of the conducting of the barrel to the hatchway when the deceased was struck and thrown down the hatchway would get intoxicated when he "came off a trip," though irrelevant, is not prejudicial to the defendant, where it also appears from the testimony of the same witness that such employee was not intoxicated at the time of the accident.

ID. — EVIDENCE OF NEGLIGENCE — QUESTIONS OF FACT. — Where there is evidence tending to show that very shortly before the accident the deceased was engaged in calking near the hatchway, it is for the jury to determine from conflicting evidence what was his position at the time of the accident, and whether in the mode the lime was being hoisted the man employed could manage and control the barrels, and if so, whether, in view of all the circumstances, he was not negligent in attempting to convey the barrel to the hatchway without looking to see if it would in its passage strike the deceased, and whether the deceased was exercising the degree of caution required of him by his situation.

ID. — CONTRIBUTORY NEGLIGENCE — ANTICIPATING NEGLIGENCE. — The deceased was not guilty of contributory negligence, if he would not have been in danger had care been exercised by the person handling the barrel from the railing to the hatchway, and was not bound to anticipate the latter's negligence.

ID. — CONFLICTING EVIDENCE — DOUBTFUL INFERENCES — QUESTIONS OF FACT. — When the evidence is conflicting, or when reasonable men might differ as to the inferences which ought to be drawn from the undisputed evidence, the question of negligence or contributory negligence is not one of law, but of fact.

EVIDENCE — IMPEACHMENT OF WITNESS BY PARTY CALLING HIM — CONTRADICTORY STATEMENTS. — When a witness fails to give any evidence in relation to a fact, and he is then asked by the party calling him if he had not made a statement to others as to the existence of such facts, which is denied by the witness, the error in overruling the objection to

such question will not warrant a reversal, when no evidence is offered to show that the witness did in fact make the statement denied by him.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The witness Andrew Hulgerson testified that he was one of the crew of the steamer W. H. Dimond, on which H. B. Davies was killed; that the ship was being loaded with lime, and he was attending the lime-barrels that came over the rail, and putting them down the ship's hold; that Davies came along behind him, coming from aft, and as the witness caught a barrel coming over the rail, it swung and struck Davies, who was between him and the hatchway, and knocked him down the hatchway; and that he did not see Davies before the barrel struck him.   The witness George C. Luce, who was first officer of the W. H. Dimond, a witness for the plaintiff, having testified that he did not remember whether there was any platform between the main hatch of the vessel and the rail, was asked if he had not stated to the plaintiff's counsel, in the presence of another person, that he was very certain there was no platform there. To this question the defendant objected on the ground that the plaintiff could not impeach his own witness.   The objection was overruled, but the witness did not acknowledge that he had made such statement, and said he thought he had told him something different.   Further facts are stated in the opinion of the court.

*Milton Andros*, for Appellant.

The deck of a vessel is not a highway, but a place where the swinging to and fro of cargo suspended to lines must be maintained.   The deceased went upon the premises with full knowledge of the danger to be encountered, it being one of the risks of his employment

as a calker. (*Dwyer* v. *National S. S. Co.*, 17 Blatchf. 474, 475; *The Bark Aalesund*, 9 Ben. 203; *The Bark Germania*, 9 Ben. 356.) If defendant used a usual and customary method, no negligence can be imputed to it. (*Richardson* v. *Kier*, 34 Cal. 75; 91 Am. Dec. 681; *Sunny* v. *Holt*, 15 Fed. Rep. 882; *Maitland* v. *Ins. Co.*, 3 Rich. 331.) Where injury on the part of the plaintiff and negligence on the part of the defendant concur, the plaintiff cannot recover if the defendant could not have prevented the injury from occurring by the exercise of due care; in other words, the defendant's negligence, and not merely his act, must be the cause of the plaintiff's injury. (Shearman and Redfield on Negligence, sec. 8.) Deceased was bound to take the port or safe side in preference to the starboard or dangerous side, and in failing to do so, he was guilty of contributory negligence. (*Parkhill* v. *Brighton*, 61 Iowa, 103; *Momence* v. *Kendall*, 14 Ill. App. 229; *Ryall* v. *Central Pacific R. R. Co.*, 76 Cal. 474; *Nehras* v. *Central Pacific R. R. Co.*, 62 Cal. 334; *Brown* v. *Milwaukee etc. R. R. Co.*, 22 Minn. 165; *McGlynn* v. *Brodie*, 31 Cal. 380.) The deceased, knowing or having the means of knowledge of the alleged neglect on the part of the defendant, and its attendant danger, was guilty of contributory negligence in being or remaining in the vicinity where the alleged imperfect appliance was being used. (*McGlynn* v. *Brodie*, 31 Cal. 380.) The court erred in allowing the plaintiff to give evidence to the effect that Hulgerson, the man who had charge of the barrel when it struck the deceased, had been drunk the night before the accident, and also evidence to the effect that Hulgerson was a man who indulged in liquor and became intoxicated. (*Warner* v. *New York Central R. R. Co.*, 44 N. Y. 471, 472; *Robinson* v. *Fitchburg etc. R. R. Co.*, 7 Gray, 95, 96; *Tenney* v. *Tuttle*, 1 Allen, 185, 186; *Gahagan's Adm'rs* v. *Boston etc. R. R. Co.*, 1 Allen, 189; 79 Am. Dec. 724.) The court erred in overruling the defendant's objection to the question of the plaintiff's

counsel in which he asked witness Luce if he had not, on the occasion of a visit to witness's house by counsel, said that there was no platform on the deck of said vessel. (*People* v. *Jacobs,* 49 Cal. 384, 386.)

*George Lezinsky,* for Respondent.

DE HAVEN, J. — This is an action by the plaintiff, as administratrix, to recover damages for the death of H. B. Davies; the complaint alleges that said death was caused by the negligence of defendant, its servants and employees. Plaintiff recovered judgment for the sum of seven thousand dollars.

1. It is claimed by the appellant that the complaint does not state a cause of action, in that it does not show that the defendant failed in the discharge of any duty it owed to the deceased. It is urged that the negligence with which appellant is charged is the leaving unprotected an open hatchway on its vessel, through which the deceased fell and was killed, and we have been referred to the cases of *Dwyer* v. *National S. S. Co.,* 17 Blatchf. 474, and *The Bark Germania,* 9 Ben. 356, which hold that so doing is not negligence for which an action will lie. These cases are not in point. It is true, the complaint alleges that the hatchway through which deceased fell was negligently left unprotected, but this is only part of an averment the gist of which is, that deceased was lawfully employed on the vessel, and "by and through the carelessness and negligence of said defendant, and its servants and employees, in and about the said loading, and without any negligence or fault of said H. B. Davies, said H. B. Davies was struck by a barrel of lime which said defendant, its servants and employees, were engaged in loading into a hatchway near said H. B. Davies, and was precipitated down said hatchway in the said vessel." This, with the other averments, states a cause of action. The defendant did owe to de-

ceased, lawfully on its vessel, the duty of not negligently throwing him down the hatchway.

2. The testimony of the witness Classen, to the effect that the witness Hulgerson would get intoxicated when he "came off a trip," though not relevant to any issue in the case, could not have prejudiced the case of the defendant. It was clear from Classen's evidence that Hulgerson was not intoxicated at the time of the accident, and the admission of the evidence complained of could not have influenced the verdict, and is therefore not a cause for reversing the judgment.

3. The plaintiff offered no evidence tending to show that the witness Luce had made before the trial the statement embodied in the question asked him, and which the witness denied; and therefore the rule laid down in *People* v. *Jacobs*, 49 Cal. 384, has no application.

4. It is also urged that the evidence is insufficient to sustain the verdict. No person saw the deceased at the time of the accident, except the witness Hulgerson, and he does not seem to have done so until deceased was struck by the barrel of lime. He says: "I did not see him before the barrel struck. He must have come from aft." And this witness further stated that when he first saw him deceased was between him and the hatchway. But there was evidence tending to show that within a very short time before the accident the deceased was engaged in calking near the hatchway, and it was for the jury to determine his position at the time, from all the circumstances appearing before them, and so it was for them to determine, from conflicting evidence, whether, in the mode in which the lime was being hoisted, the witness Hulgerson could manage and control the barrels while in transit from the railing to the hatchway.

Assuming, however, that he could do so, as claimed by appellant, it was still a proper question for the jury whether, in view of all the facts surrounding him, he was not negligent in attempting to convey the barrel to

the hatchway without looking to see if it would in its passage strike the deceased.   The same may also be said of appellant's contention that deceased was guilty of contributory negligence.   It makes no difference whether deceased was knocked into the hatchway while he was engaged in calking, or whether he was struck while attempting to pass between the railing and hatchway; as in either case it was for the jury to determine whether at the time of the accident the deceased was exercising the degree of caution required of him by his situation.   It is certainly a pure question of fact whether the deceased, while engaged in calking near the hatchway, would have been in any danger, with the exercise of reasonable care upon the part of the person handling the barrel from the railing to the hatchway; and if he would not with such care have been in danger, he was not guilty of any contributory negligence in working there.   (*Conroy* v. *Vulcan Iron Works*, 62 Mo. 35.)   And so, also, it cannot be said, as a matter of law, that the deceased, in the way the jury may have believed he attempted to pass between the railing and hatchway, would have been in any danger if at that time the person in charge of the barrel on the railing had exercised reasonable care, and looked to see whether he could safely proceed with the loading.   The deceased was not guilty of negligence simply because he did not anticipate negligence on the part of the man at the railing in charge of the loading, unless he was in some way chargeable with notice that such person was indifferent or careless; he was only bound to exercise such care as a prudent man in his situation would ordinarily exercise for the protection of his life, and whether he did or not was a question the decision of which was for the sound and impartial judgment of the jury.   There are cases where the state of the evidence is such that the court can declare, as matter of law, that there was no negligence on the part of defendant, or that a plaintiff has been guilty of con-

tributory negligence, but this is not one of them. When the evidence is conflicting, or when reasonable men might differ as to the inferences which ought to be drawn from the undisputed evidence, the question of negligence or contributory negligence is not one of law, but of fact. (Shearman and Redfield on Negligence, sec. 54; *Belton* v. *Baxter*, 58 N. Y. 411; *Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622; *Central R. R. Co.* v. *Moore*, 24 N. J. L. 832.) While the evidence does not make a very strong case for the plaintiff, we cannot say that the verdict is without evidence to support it. The questions relating to defendant's negligence and plaintiff's contributory negligence were fairly submitted to the jury by instructions to which no exception is taken, and as there is evidence upon which it can rest, the verdict is conclusive here.

Judgment and order affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.