[Civ. No. 972.   Second Appellate District.—May 17, 1911.]

## MICHAEL McKERNAN, Respondent, v. LOS ANGELES GAS & ELECTRIC COMPANY, a Corporation, Appellant.

NEGLIGENCE — COLLISION OF DEFENDANT'S WAGON WITH PASSENGER ALIGHTING FROM ANOTHER WAGON—VIOLATION OF LAW OF ROAD—CARE OF PLAINTIFF—NONSUIT PROPERLY DENIED.—In an action for damages for personal injuries sustained through the negligence of defendant's servant in driving its wagon diagonally across from the right side of a street toward a street corner on the left side thereof, in violation of the law of the road, at which street corner plaintiff had alighted from another wagon, first taking care to look up and down the street without seeing any vehicle approaching, and before he had reached the sidewalk he was knocked down by defendant's horses and its wagon passed over him to his serious injury, where the evidence for plaintiff proved these facts, the plaintiff cannot be charged with contributory negligence as matter of law, and a motion for a nonsuit, at the close of plaintiff's evidence, was properly denied.

ID.—QUESTION AS TO CARE OF PLAINTIFF ONE OF FACT FOR JURY.—Taking the evidence for the plaintiff to be true, as the trial court was bound to assume it to be, in passing upon the motion for a nonsuit, it became a question of fact for the jury to determine, as to whether or not the plaintiff had acted, under all the circumstances of his position and the surrounding conditions, as a reasonable man might have acted, when similarly placed.

ID.—ACTION AGAINST GAS AND ELECTRIC COMPANY—IMPANELING JURY —ALLOWING CHALLENGES OF PATRONS—PREJUDICE NOT SHOWN.— Where the action was against a gas and electric company for the negligence of the driver of its wagon, and the court in impaneling the jury allowed challenges to individual jurors, who testified that they were customers or patrons of the defendant, and that their relation thereto still existed and had not terminated, and defendant did not ask whether the relation of debtor and creditor existed between them, and no prejudice is shown to have resulted from the allowance of the challenges, such allowance is not ground for reversal.

ID.—LATITUDE OF DISCRETION OF TRIAL COURT—REVIEW OF CHALLENGES UPON APPEAL.—In passing upon challenges to jurors for cause, considerable latitude of discretion is allowed to the trial court, and unless it is made clearly to appear that prejudice has been worked to the complaining party by reason of error committed, in improperly allowing such challenges, appellate courts will not review the rulings.   Conceding that the trial court was not justified in ex-

cusing the jurors upon the mere statement that they were consumers of gas furnished by defendant, it is held that the record does not show that the ruling prejudiced the defendant, or that it was thereby prevented from securing a jury of qualified and impartial men.

Id.—Instruction as to Damages—Medical Expenses Incurred—Non-payment—Evidence only of Payment—Absence of Prejudicial Error.—Where the court instructed the jury that in computing the amount of the damages, they might consider medical expenses incurred, though not paid, but the evidence only showed that $100 had been paid to physicians by plaintiff, and there was no evidence to show that any additional charge for medical attendance had been incurred, it is held that there is no prejudicial error in the form of the instruction, where the jury were fully instructed as to their duty, in arriving at a verdict, to consider only such facts as are established by the evidence in the case.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Wm. A. Cheney, and LeRoy M. Edwards, for Appellant.

Frank L. Perry, for Respondent.

JAMES, J.—Plaintiff sued to recover damages for personal injuries alleged to have been caused by the negligent acts of defendant. Trial before a jury was had, resulting in a verdict in favor of plaintiff for the sum of $2,750, upon which verdict judgment was entered. Defendant appeals from the judgment and from an order denying its motion for a new trial.

Errors assigned: First, that the court should have granted the motion of defendant for a judgment of nonsuit at the conclusion of the introduction of testimony for plaintiff; second, that challenges for cause interposed by plaintiff as to certain jurors were improperly allowed; third, that the court erred in giving an instruction to the jury on the question as to what damages might be recovered against defendant.

Plaintiff, on the ninth day of April, 1907, was a laborer engaged in working upon the streets of the city of Los Angeles. On the evening of that day after quitting his work

he rode on the wagon of one Bachman, a teamster, to the corner of Ninth and Los Angeles streets. Bachman drove westerly along Ninth street, and as he neared the corner of Los Angeles street he drew his team and wagon close to the curb on the north side of Ninth street and stopped the team in order to allow plaintiff to alight. Plaintiff had been sitting on the driver's seat with Bachman and on the left-hand side of the seat, and he proceeded to climb down over the front wheel of the wagon. Before doing so, he testified that he looked down Ninth street and saw no car or vehicle approaching; that after he stepped upon the ground he was suddenly struck by the wheel of a wagon then being driven by an employee of defendant, and was thrown down, one wheel of the wagon passing over his shoulder, breaking the collar bone and causing other bruises and injuries. Bachman, the driver of the wagon upon which plaintiff had been riding, testified that as plaintiff was in the act of alighting he (Bachman) saw the wagon of defendant coming diagonally across the street. Noting that plaintiff was clear of his wagon, he let off the brake and started to drive on. That when he looked again plaintiff was lying upon the ground bleeding from the cuts and bruises which he had received. Taking this testimony to be true, as the trial court was obliged to assume it to be at the time of the making of the motion for judgment of nonsuit, it did not show that plaintiff was guilty of contributory negligence as a matter of law. Upon this evidence it became a question of fact for the jury to determine as to whether or not plaintiff had acted, under all of the circumstances of his position and the surrounding conditions, as a reasonable man might have acted when similarly placed. Plaintiff, even though the wagon of defendant had been seen by him to be approaching, would have been justified in alighting at the place where he did alight. observing ordinary precautions in so doing to escape injury. The testimony of Bachman tended to show that the wagon of defendant was not traveling on the right side of the street in its west-bound course, as the law of the road would require, but that it came diagonally from the opposite side of the street below the point of intersection of Los Angeles street with Ninth street. The trial court committed no error in denying the motion for judgment of nonsuit.

Certain members of the jury panel, when called and examined for cause, stated that they were customers of the defendant, and upon objection being made by plaintiff, they were excused. Appellant's counsel argue that the examination of the jurors did not show that the relation of debtor and creditor existed between defendant and these jurors, and that error was therefore committed in allowing the challenges. Defendant made no examination of the jurors at all to determine the fact as to whether, as a result of their business dealings with defendant, they at that time actually owed money to defendant for gas furnished to them by it. By the answers made to the questions asked of them, these jurors disclosed the fact that their relations as customers or patrons of defendant then existed and had not been terminated. In passing upon challenges interposed to jurors for cause, considerable latitude of discretion is allowed the trial court, and unless it is made clearly to appear that prejudice has been worked to the complaining party by reason of error committed in improperly allowing such challenges, appellate courts will not review the rulings. (*Grady* v. *Early,* 18 Cal. 110; *Lawlor* v. *Linforth,* 72 Cal. 205, [13 Pac. 496].) Conceding that the trial court was not justified in excusing the jurors upon the mere statement that they were consumers of gas furnished by the defendant, still it cannot be said, on the record as it is presented, that the rulings prejudiced defendant at all, or that it was thereby prevented from securing a jury of qualified and impartial men.

But one instruction given to the jury is complained of. By instruction No. XVIII the jury were told that if they found a verdict in favor of plaintiff, in computing the amount of damages they might consider "any medical expenses incurred, although not paid." The evidence showed that $100 had been paid to physicians by the plaintiff, and there was no evidence that any additional charge for medical attendance had been incurred. It cannot be assumed that the jury made allowance on account of any charge which was not shown by the evidence to have been incurred, for they were very fully instructed as to their duty to consider in arriving at a verdict only such facts as were established by the evidence in the case. Upon the authority of the decision in the case of *Melone* v. *Sierra Ry. Co.,* 151 Cal. 114, [91 Pac. 522], it was not

prejudicial error for the court to give the instruction in the form it was given.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 15, 1911.