[Civ. No. 955. First Appellate District.—February 29, 1912.]

DELIA TALBOT and THOMAS TALBOT, Her Husband, Respondents, v. A. GINOCCHIO, Appellant.

ACTION FOR DAMAGES—NEGLIGENT DRIVING OF TEAM—PLEADING AND FINDING OF ULTIMATE FACT.—In an action to recover damages for personal injuries resulting from the negligent driving of a team by defendant's servant against the person of the plaintiff, such negligence is the ultimate fact to be pleaded, and is not a legal conclusion; and a finding that "the servant and employee of the defendant in charge of said horse and wagon was driving the same carelessly and negligently" is a finding of an ultimate fact, and not upon a mixed question of law and fact, and is unobjectionable.

ID.—SUPPORT OF FINDINGS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—COLLISION AT LEFT CURB OF STREET—INCREASE OF SPEED—PRUDENCE OF PLAINTIFF.—Where there is evidence to show that plaintiff was prudently crossing the street, from the right side to the left, after looking to see if there were any teams approaching and seeing none, was about to step from the left curb to the sidewalk, when the driver of defendant's horse and wagon approached with increasing speed on the left side of the street and struck plaintiff down and seriously injured her before she could reach the left sidewalk, it is held that the findings that the defendant's employee was negligently driving the horse and wagon and that such negligence caused the injury, and that the plaintiff was not guilty of contributory negligence, were sufficiently supported.

ID.—RULE IN CASE OF CONFLICTING EVIDENCE OR DOUBT FROM INFERENCE
    —QUESTION OF FACT.—Under the rule that, when the evidence is
    conflicting, or when reasonable men might differ as to the infer-
    ence which ought to be drawn from the undisputed or proven facts,
    the question of negligence or contributory negligence is one of fact
    for the jury and the trial court, it is held that the appellate court
    cannot say that the trial court was not justified in its findings against
    the defendant and in favor of the plaintiff injured.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Edwin T. McMurray, for Appellant.

Dudley D. Sales, for Respondents.

HALL, J.—Plaintiffs brought this action to recover damages for personal injuries received by plaintiff, Delia Talbot, from the negligence of defendant, committed by a servant of defendant in driving a team against the person of said plaintiff.   The cause was tried by the court without a jury, and resulted in a judgment in favor of plaintiffs in the sum of $350.   From this judgment and the order denying defendant's motion for a new trial an appeal was in due time taken to this court.

It is urged that the findings are insufficient to support the judgment in that, as it is claimed, the "finding that 'the servant and employee of defendant in charge of said horse and wagon was driving the same carelessly and negligently' is a finding upon a mixed question of law and fact."

Appellant cites no authority in support of this assertion.

In an action to recover damages resulting from the negligence of the defendant "a general allegation of negligence upon the part of defendant is sufficient."   In such a case "The negligence is the ultimate fact to be pleaded, and is not a legal conclusion."   (*House* v. *Meyer*, 100 Cal. 592, [35 Pac. 308].)

The finding in question is of an ultimate fact, and is unobjectionable.

The main and only other contention of appellant is that the evidence does not show that appellant's employee was guilty of any negligence in driving the team that struck plaintiff, but that she was guilty of contributory negligence that resulted in her injuries.

There is ample evidence in the record tending to establish the following as the essential facts in the case:

Upon the day in question plaintiff, Mrs. Talbot, with her friend, Mrs. Leahey, at about 4 o'clock in the afternoon, approached Point Lobos avenue from the north along the east side of Third avenue. Upon reaching the northerly side of Point Lobos avenue the two ladies turned and crossed to the westerly side of Third avenue over the crossing upon the northerly side of Point Lobos avenue. Upon reaching the westerly side of Third avenue they started to cross Point Lobos avenue from the north to the south side thereof over the crossing at the westerly side of Third avenue. As they stepped from the sidewalk to the roadway or street proper they, especially Mrs. Talbot, looked up and down Point Lobos avenue to ascertain whether any cars or other vehicles were approaching, and saw the appellant's team approaching at a walk or slow jog, westerly, along the northerly side of Point Lobos avenue, between the northerly car track upon said avenue and the northerly curb line thereof and just approaching the east line of Third avenue. Deeming that she could cross in perfect safety—as indeed she undoubtedly could if the team had continued in its then course and pace—Mrs. Talbot and her friend continued their way across Point Lobos avenue along the usual path or crossing. Just before getting across the avenue plaintiff again observed the team and saw that it had changed its course and was crossing to the southerly side of Point Lobos avenue, within the lines of Third avenue, as if to pass to the south along Third avenue. Plaintiff, still apprehending no danger, continued in her course, and just as she was stepping to the southerly curb of Point Lobos avenue, following Mrs. Leahey, who was in advance, she was struck by the pole or shaft of the wagon and thrown to the ground and injured.

There is testimony given by Mrs. Leahey that as the horse neared plaintiff its speed was increased.

The driver of the horse and wagon testified that he did not see the ladies until his horse was within about five feet of them, at which time he also said they were on his southerly side.   He was driving to the stable of his employer, situate on the southerly side of Point Lobos avenue about seventy-five feet westerly from Third avenue.

From the foregoing *résumé* of the facts, which find support in the evidence in the record most favorable to the respondents, we do not think that it can be doubted but that the trial court was justified in finding that the servant of defendant was guilty of negligence in the driving of the horse and wagon.   It is manifest from his own testimony that as he swung across Point Lobos avenue from the north to the south side thereof, and approached the crossing at the westerly line of Third avenue, he gave little heed to what might be in front of him.   He did not see the ladies until they had reached a point to the south of his path, in other words, not until they had substantially passed in front of his horse, for notwithstanding that he says they were crossing from the south there can be no doubt but they were crossing from the north to the south side of the street when the accident occurred.   The court might well believe from the evidence that the driver was improperly upon the left-hand side of the road, and that he increased or allowed an increase of the speed of his team as the ladies were practically passing in front of his team and but a few feet away.

Under the rule that when the evidence is conflicting, or when reasonable men might differ as to the inference which ought to be drawn from the undisputed or proven facts, the question of negligence or contributory negligence is one of fact for the jury or trial court and is not one of law (*Davies* v. *Oceanic Steamship Co.*, 89 Cal. 280, [26 Pac. 827] ; *Reddington* v. *Postal Tel. Co.*, 107 Cal. 317, [48 Am. St. Rep. 132, 40 Pac. 432] ; *Wikberg* v. *Olson Co.*, 138 Cal. 479, [71 Pac. 511] ), we certainly cannot say that the court was not justified in finding that appellant's servant was guilty of negligence in driving the team, and that such negligence caused the injury to plaintiff.

Under the same rule we cannot say that the finding that plaintiff was not guilty of any contributory negligence is not supported by the evidence.   She was crossing at the proper

place, twice looked to 'see if danger threatened, believed that she 'could safely cross,' and the court may well have believed that she could and would have crossed in safety except that the driver increased the speed of his team just preceding the collision. As it was, she was only struck just as she was in the act of stepping to the curb. (See *McKernan* v. *Los Angeles Gas & Elec. Co.,* 16 Cal. App. 280, [116 Pac. 677], and *Clark* v. *Bennett,* 123 Cal. 275, [55 Pac. 908].)

The judgment and order are affirmed.

Kerrigan, J., and Lennon, P. J., concurred.