[Civ. No. 6978.  First Appellate District, Division One.—December 6, 1930.]

WEST COAST SECURITIES COMPANY (a Corporation), Appellant, v. KATE KILBOURN, Respondent.

294

John T. Boynton and Milton T. U'Ren for Appellant.

Howard Harron for Respondent.

THE COURT.—This action was brought by an assignee to recover for services alleged to have been rendered by an

attorney, and for sums expended in connection with the employment.

The complaint alleged that the defendant and the assignor entered into an agreement providing in substance for the employment of the latter to collect a mortgage owned by defendant, it being agreed that the attorney should pay all necessary costs and expenses and receive as compensation for his services one-half of all sums collected in excess of $15,000, or, if the property should upon foreclosure be bid in by the parties to the agreement and afterward sold for a sum exceeding the above amount, the attorney should receive such excess. It was further alleged that as the result of the attorney's services the title to the mortgaged property became vested in the defendant, and it was then agreed that in lieu of other compensation the latter should pay and the attorney receive the sum of $1,000, together with the expense previously incurred in the sum of $205, these sums to be paid as soon as defendant procured a loan of $6,000 upon the property; that the attorney attempted to negotiate the loan, but defendant then decided to sell the property, stating that the sum of $7,500 was the most she could procure therefor; whereupon it was agreed that in the event of a sale for this amount the attorney should accept the sum of $500 for his services. That defendant subsequently sold the property for $12,500, but refused to pay any part of the attorney's claim.

The suit was for $1,000 attorney's fees, less $100 collected by the attorney from another source, and which it was alleged defendant agreed should be applied on account, and the sum of $205, expended as above alleged—a total of $1105.

The defenses were in substance as follows: The execution of the agreement first alleged was admitted, but any other agreement was denied. It was alleged that defendant subsequently offered to pay the attorney $1,000 as a fee, and such further sums, not exceeding $250, as he proved were necessarily expended under the contract, provided he procured a loan of $6,000 on the property; that this offer was not accepted, but later, being advised by the attorney that the contract bound her to hold the land until he procured a purchaser, she requested him to name the amount which he would accept for a cancellation thereof in the

event she should sell the property, and that he agreed to accept the sum of $1250; that she was misled by the attorney as to the effect of the contract, as his rights thereunder had then lapsed. The alleged payment of $100 on account was also denied, it being claimed that the amount was obtained from defendant by duress.

The action was tried by a jury, which returned a verdict for the defendant. A motion for a new trial was denied, and the plaintiff has appealed from the judgment.

As grounds for the appeal it is contended that, due to the prejudice of a certain juror, plaintiff was denied a fair trial; that the court improperly restricted the examination of the jurors on their *voir dire*, and that certain questions asked by the court and counsel for the defendant with respect to the execution of the contract were erroneous and prejudicial.

Upon the examination of the jurors the court addressed certain questions to one of the jurors, who was asked if he knew the attorney mentioned, also whether he ever had litigation with an attorney, or if the fact that the suit was being prosecuted in favor of an attorney would prejudice him in any way. These questions were answered in the negative. Thereupon the court asked the juror who is claimed to have been prejudiced whether he had heard the above questions and the answers thereto. The reply being in the affirmative, the following question was asked and answer given: "Q. If these same questions were asked you, would you give the answers heretofore given? A. Yes, sir." No questions in this connection was asked by plaintiff's counsel. According to the affidavit of one of the attorneys for the plaintiff filed in support of the motion for a new trial the juror last mentioned stated after the trial that "he felt that all lawyers were tricksters," that "he knew this personally and vividly because it had just happened to him. A tricky lawyer back east had cheated him out of some $2,500." According to the affidavit the juror also related other instances wherein he claimed attorneys had conducted themselves dishonestly, further stating that he wanted nothing to do with law or lawyers.

The foregoing, if true, indicated that the juror was not unprejudiced; and it has been held that where a person is prejudiced against a class of persons he is not a proper

juryman in a case where one of that class is interested (*Lawlor* v. *Linforth,* 72 Cal. 205 [13 Pac. 496] ; *Lombardi* v. *California Street Ry. Co.,* 124 Cal. 311 [57 Pac. 66]), and if he gives false answers on his *voir dire* a new trial should be granted (*People* v. *Galloway,* 202 Cal. 81 [259 Pac. 332]).

In reply to the above, however, counsel for the defendant made affidavit that he also interviewed the same juror, who stated that the matters set forth in the affidavit of plaintiff's counsel were in most particulars untrue; that what the juror said to the latter was "that there were two classes of lawyers; that he had no use for shyster lawyers, but that he had no prejudice as a juror against any lawyer recovering for any honorable and proper service, and that he correctly answered every question propounded to him as to his qualifications as a juror".

As held in *Doak* v. *Bruson,* 152 Cal. 17 [91 Pac. 1001], in the consideration of an appeal from an order which is based upon affidavits and which involves the decision of a question of fact, this court is bound by the same rule that controls where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true; and, as error is not presumed and all intendments are in favor of the action of the lower court, the affidavits in behalf of the successful party are to be deemed not only to establish the facts directly stated therein, but all facts which may be reasonably inferred from those directly stated. All presumptions are in favor of an order granting or denying a new trial, and the burden is upon appellant to make it affirmatively appear that the order complained of is erroneous. Here it appears that the verdict was that of eleven of the jurors; and we cannot say that the implied conclusion of the trial court that the juror was not prejudiced, and that his answers on his *voir dire* were true, is unsupported.

It is further urged that the court unreasonably restricted the examination of the jurors. In this connection the court said: "It is the practice of this court for the court first to question the first juror fully, and counsel on the respective sides have the same right, but are requested not to cover the same ground covered by the court. Then we will ask each juror in turn if his or her answers would

be the same to the respective questions, and I request counsel not to repeat questions." It is clear from the above that there was no unreasonable restriction upon counsel's right to examine the jurors. Nor does the record disclose that the court refused to permit any competent questions respecting their qualifications.

■ Counsel for the defendant was permitted to cross-examine the attorney at length with respect to the circumstances under which he was employed and the contract executed. The court also asked numerous questions on the same subject. The extent of such examination is within the sound discretion of the trial court (*Neal* v. *Neal*, 58 Cal. 287; *Silvarer* v. *Hansen*, 77 Cal. 579 [20 Pac. 136]), and we cannot say that there was an abuse of discretion in the present case; nor does the record reasonably support the contention that the attitude of defendant's counsel in conducting the cross-examination was such as to prejudice the jury against the witness.

■ Plaintiff contends that the attorney's version of the transaction was strongly corroborated and should have been believed. There was, however, evidence to the contrary which, if believed by the jury, was sufficient to support their verdict. ■ The question of the credibility of witnesses was exclusively for the jury's determination (Code Civ. Proc., sec. 1847); and where the evidence is conflicting, or though there be no conflict, if the evidence is reasonably subject to different inferences, the conclusion reached by the jury cannot be disturbed on appeal. (*MacDermott* v. *Hayes*, 175 Cal. 95 [170 Pac. 616]; *Whitelaw* v. *McGilliard*, 179 Cal. 349 [176 Pac. 679].)

The verdict was fairly sustained by the evidence, and no error is shown which would justify a reversal of the judgment.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 5, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 2, 1931.