[Civ. No. 23320. Third Dist. Jan. 25, 1985.]

LILLIE L. KIMBLEY, Plaintiff and Appellant, v.
KAISER FOUNDATION HOSPITALS et al.,
Defendants and Respondents.

COUNSEL

Estelle A. Schleicher for Plaintiff and Appellant.

Lee A. Archer, Willis F. McComas, Steven R. Faires and Archer & McComas for Defendants and Respondents.

OPINION

**REGAN, Acting P. J.**—Plaintiff appeals from the judgment entered after a jury returned a verdict for defendants on her complaint alleging negligent medical treatment by various physicians and employees of Kaiser Founda-

tion Hospitals and Permanente Medical Group, under the Kaiser Foundation Health Plan, Inc. The sole question on appeal is whether subscribers to the Kaiser Foundation Health Plan should have been automatically excluded as jurors in this action against the plan or its related entities. We hold here there is no such requirement, and thus, there was no error in the trial below.

### FACTS

Plaintiff filed this action for medical malpractice against Kaiser Foundation Hospitals, Permanente Medical Group and Kaiser Foundation Plan, Inc.,[1] on February 8, 1979. Plaintiff alleged she sustained physical injuries as a result of orthopedic care given her at the Kaiser facility in Sacramento. Plaintiff had originally sustained a fractured wrist after falling. Plaintiff's wrist was X-rayed and cast at the Kaiser emergency room. She was reexamined the next day to determine whether the wrist was properly reduced and cast. On the following day, a physician partially cut the cast to relieve pressure.

Plaintiff complained the original reduction fell below the appropriate standard of care, with insufficient angulation of the bones. She claimed the original and subsequent treatment resulted in the slippage of the fracture, the development of causalgia, requiring correctional surgery, and other injuries attributable to the side effects of her medications. Experts' opinions conflicted as to whether the fracture should have been reset.

The case proceeded to trial on August 25, 1983. Plaintiff's counsel moved to exclude all members of the Kaiser Foundation Health Plan from the jury "on the grounds [sic] that any member of the Kaiser Plan is a person financially interested in the case, . . ." Stating "there has to be some showing for cause," the court denied the motion.

In voir dire, plaintiff's counsel exercised two peremptory challenges, one excusing a Kaiser member and one excusing a member of the Teamsters Union. This left three Kaiser members on the panel, and one juror who said she was planning to obtain Kaiser coverage in the near future. In addition to these four, a fifth Kaiser member was chosen as an alternate juror. Plaintiff's counsel exercised no further peremptory challenges, and the jury was sworn.

The jury returned a verdict in favor of defendants and against plaintiff on August 31, 1983. Revealed in the jury's polling, ten jurors had joined in

---

[1] Kaiser Foundation Health Plan, Inc., is a nonprofit California corporation which contracts to provide prepaid medical and hospital care to its members and subscribers. It subcontracts with Kaiser Foundation Hospitals for hospital services and with Permanente Medical Group for medical services.

the verdict, seven of whom were non-Kaiser members and three of whom were Kaiser members. One Kaiser member and one non-Kaiser member voted against the verdict. Following entry of judgment, the court denied plaintiff's motion for a new trial.

## DISCUSSION

■ We consider first defendants' persuasive argument that plaintiff waived all objections to the jury panel by failing to exhaust her peremptory challenges. It has long been the rule in California that exhaustion of peremptory challenges is a "condition precedent" to an appeal based on the composition of a jury. (*People* v. *Goldberg* (1952) 110 Cal.App.2d 17, 23 [242 P.2d 116].) Particularly when a party announces "at the conclusion of the examination of prospective jurors that he was satisfied with the jury and did not wish to exhaust his peremptory challenges . . . he is in no position to claim that it was impossible for him to secure a fair trial by an unbiased jury." (*People* v. *Cook* (1952) 39 Cal.2d 496, 500 [247 P.2d 567].)

In the instant case, plaintiff's counsel used only two peremptory challenges to challenge regular jury panel members, excusing one Kaiser member and one non-Kaiser member. He then told the court, "the jury is absolutely fine." After plaintiff's counsel elected not to challenge a Kaiser-member alternate juror, he repeated his statement that "[t]he jury is fine, your Honor." Ultimately, four Kaiser members remained on the jury, with one Kaiser member serving as alternate juror.

Plaintiff recognizes exhaustion of peremptory challenges is generally a prerequisite to appeal, but asserts she "did not have sufficient peremptory challenges to make such an exercise a productive act." Plaintiff was entitled to a total of seven peremptory challenges: six with respect to the panel and one additional challenge for each alternate juror. (Code Civ. Proc., §§ 601, 605.)[2] The court expressly allowed each side one additional challenge when the alternate juror was chosen in this case. Thus, plaintiff could have removed all four remaining Kaiser members and the one alternate juror. Plaintiff asserts that replacement jurors might have been Kaiser members, making the exercise futile. The supposition is hypothetical. It remains she failed to make the attempt and cannot now complain of any alleged error, having acquiesced in the matter when she had the means and opportunity to challenge the Kaiser jurors. (See *People* v. *Goldberg, supra,* 110 Cal.App.2d at p. 23.)

■ We next consider plaintiff's principal contention on appeal. Plaintiff asserts Kaiser Plan members should have been excluded from the jury as a

---

[2]All statutory references are to the California Code of Civil Procedure.

matter of law. Plaintiff made a motion *in limine* to ". . . exclude all [members] of the Kaiser Plan for cause . . . on the grounds [*sic*] that [a] member of the Kaiser Plan is a person financially interested in the case . . . ." The trial court denied the blanket motion, ruling that an individual showing for cause was required.

Plaintiff points to section 602, which states in part: "Challenges for cause may be taken on one or more of the following grounds: . . . [¶] (6) Interest on part of the juror in the event of the action, or in the main question involved in the action, except his interest as a member or citizen or taxpayer of a county, city and county, . . ." Section 603 provides: "Challenges for cause must be tried by the court. The juror challenged and any other person may be examined as a witness on the trial of the challenge." ▮ Thus, the court has the discretion to examine the potential juror in trying the question of whether such interest in fact exists.

▮ Plaintiff argues the ground set forth in section 602, subdivision (6) "presumes bias upon a showing of interest," and thus, the trial court's discretion "should not be exercised in attempting to determine whether that . . . interest is sufficient to create bias; . . . "Plaintiff's argument misses the mark.[3] The trial court denied plaintiff's blanket motion which implicitly asked for a ruling that membership in the Kaiser Plan makes the member "interested" in the case. The court ruled a showing for the cause was required, meaning plaintiff had the burden of demonstrating the interest. Plaintiff, however, had merely moved for juror exclusion on the ground that Kaiser members *are in fact* interested. The trial court properly denied the motion, and required a *showing* of such interest. The court declined to rule as a matter of law that any interest in the "event of the action, or in the main question involved in the action" (§ 602) exists solely by virtue of membership in the health plan.[4]

Plaintiff urges such a legal declaration based on "possible financial interest which could produce a defense minded jury." (*Traxler* v. *Thompson*

---

[3]Plaintiff essentially asserts the trial court, by refusing to accept the challenge, attempted to force her into showing *actual bias,* such as would be required in section 602, subdivision (8). That subdivision allows a challenge for cause on the ground of "[t]he existence of a state of mind in the juror evincing enmity against or bias to either party."

[4]A similar issue is before the Supreme Court in our decision in *Fein* v. *Permanente Medical Group* ▮(3 Civ. 18349; Sup.Ct.No. 24336; hg. granted Sept. 10, 1981). No decision has been issued in that case. In *Fein,* we considered a challenge to the constitutionality of major portions of the Medical Compensation Reform Act. While we upheld the constitutionality of the legislation, we reversed on the ground the injured plaintiff was denied the right to a constitutionally selected jury panel after the trial court *excluded* all Kaiser members from serving on the jury solely on the basis of their membership.

(1970) 4 Cal.App.3d 278, 281, fn. 1 [84 Cal.Rptr. 211].) In *Traxler,* we upheld the propriety of an inquiry to veniremen regarding their ownership of an insurance company's stock. Plaintiff also relies on the definition of the word "interest" in *Estate of Brown* (1938) 24 Cal.App.2d 573, 575 [75 P.2d 658]: "The word 'interest', in its ordinary, accepted meaning, embraces both a vested and a contingent interest and the word 'interested' is defined as 'having an interest; having a share or *concern* in some project or affair; involved; *liable to be affected or prejudiced;* . . .' [Citation omitted.]" (Italics added.)

With these broad definitions in mind, plaintiff makes the following assertion: "[Plaintiff] showed the necessary interest by simply asking veniremen if they were members of KAISER; their affirmative responses proved their interest, . . ." We are aware of no such principle of law. Membership in a health plan is not, per se, an interest in the outcome of a case.[5] It is at best a remote and tenuous connection, unlike, for example, stock ownership in an insurer-defendant. (See *Traxler* v. *Thompson, supra,* 4 Cal.App.3d at p. 281.) It is well settled that a remote or insignificant interest cannot support a challenge for cause. Customers of a defendant utility company may not be disqualified on the basis of their business dealings with that company. There must be some inquiry regarding the nature and extent of such a relationship. (*McKernan* v. *Los Angeles Gas & Electric Co.* (1911) 16 Cal.App. 280, 283 [116 P. 677].) Even a physician-patient relationship between a juror and a doctor-defendant will not, by itself, justify disqualification. (*Scott* v. *McPheeters* (1942) 52 Cal.App.2d 61, 64-65 [125 P.2d 868].)

Ultimately, plaintiff's error in this appeal is her confusion as to the nature of her motion. She requested the trial court to establish new law in California, making the health plan membership, per se, an interest adequate to support a challenge for cause. She then expected the court to apply such a ruling to make a blanket exclusion of all prospective jurors who were members.

While actual bias need not be shown in this case, actual interest must. Plaintiff never offered evidence of any interest in the event of the action or

---

[5]Defendants urge our consideration of the holding in *Rowley* v. *Group Health Cooperative* (1976) 16 Wn.App. 373 [556 P.2d 250], that challenged jurors were not biased solely because of their membership in the health cooperative. Although in *Rowley,* the Washington State court looked to the question of whether the membership was an interest sufficient to constitute implied *bias,* the court aptly concluded "something more than a minute or remote interest is needed to disqualify a juror for bias." The court concluded, "the interest must be of a more substantial character." (*Id.,* at 556 P.2d at p. 253; see cases cited.) Our sister court's reasoning on "bias" is equally helpful in determining the degree of "interest" adequate to support a challenge for cause.

the main question of the action; indeed her motion asked for a ruling which would preclude such a showing. The trial court properly denied the motion to exclude the prospective jurors on plaintiff's motion.

The judgment is affirmed.

Blease, J., and Sparks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 4, 1985.